MERCHANTS BROOM COMPANY, a CORPORATION, et al., Plaintiffs in Error, v. J. D. BUTLER, et al., Defendants in Error.

Opinion filed Nov. 19, 1915.

1. In mandamus proceedings the alternative writ takes the place of a declaration at law, and it is essential that it should show a clear *prima facie* case in favor of the relator.

2.  The alternative writ in mandamus proceedings must show a clear *prima facie* case in favor of relator. In order to make out a *prima facie* case the writ should allege all the essential facts which show the duty and impose the legal obligation on the respondent to perform the acts demanded of him as well as the facts that entitle the relator to invoke the aid of the court in compelling the performance of such duty or obligation.

3.  A demurrer to an alternative writ of mandamus stands upon the same footing as a demurrer in any other action at law and is to be treated in the same way, that is as admitting as true all such matters of fact as are sufficiently pleaded.

4.  A demurrer to an alternative writ of mandamus admits as true all well-pleaded allegations of fact and all fair and pertinent inferences or conclusions of fact in the writ that are not inconsistent with or repugnant to accompanying specific detailed allegations of facts and circumstances; but it does not admit conclusions of law stated in the writ.

5.  In passing upon a demurrer to an alternative writ of mandamus, matters *dehors* the writ cannot be considered, but only such matters as appear upon the face of the writ.

6.  If an alternative writ of mandamus shows a *prima facie* case, it is not demurrable.

7.  As the alternative writ in mandamus proceedings stands as the pleading on the part of the relators, if they ask too much, the respondents may show this as a sufficient cause for not complying with the mandate of the writ.

8.  The mandate of an alternative writ in mandamus proceedings must be enforced in its entirety or else not enforced at all, and, where a demurrer is interposed to the alternative writ and it is made to appear from the face of such writ that the relators are not entitled to have the order enforced as a whole, the demurrer should be sustained, with leave to the relators to amend such writ, if they should be so advised.

9.  The committee of one appointed by the stockholders representing one-tenth of all the subscribed stock of a corporation

to inspect the books, records and papers of such corporation, under the provisions of Section 2672 of the General Statutes of Florida, is not required to be a stockholder in the corporation.

10. The stockholders representing one-tenth of all the subscribed stock of a corporation are the real parties in interest and are properly made relators in mandamus proceedings to enforce the right to an inspection of the books, records and papers of such corporation conferred by Section 2672 of the General Statutes of Florida, and such stockholders are not interested or concerned in having a certificate of stock which has been assigned to the committee of one appointed by them under such statute transferred upon the corporate books.

11. The writ of mandamus does not supersede legal remedies, but rather supplies the want of a legal remedy, therefore, two prerequisites must exist to warrant a court in granting this extraordinary remedy: first, it must appear that the relator has a clear, legal right to the performance of the particular duty by the respondent; and, second, that the law affords no other adequate or specific remedy to secure the performance of the duty which it is sought to coerce.

12. Section 2672 of the General Statutes of Florida does not confer upon the court authority to require a corporation to permit a committee appointed by stockholders representing one-tenth of all the subscribed stock of such corporation to make an audit of the books and records of the corporation, and it is erroneous to issue an alternative writ in mandamus proceedings requiring the corporation to permit such audit, especially when it appears upon the showing made by the relators, the court was not in a position to determine that such audit was necessary.

Writ of Error to Circuit Court, Duval County; D. A. Simmons, Judge.

Judgment reversed.

*Johnson & McIlvaine,* for Plaintiffs in Error;

*Milam & Milam,* for Defendants in Error.

SHACKLEFORD, J.—J. D. Butler and others filed a petition for a writ of mandamus against the Merchants Broom Company, a corporation, P. G. Russell, president of said corporation, and Willet Groover, secretary thereof. An alternative writ issued against the respondents, to which the respondents unsuccessfully interposed a demurrer, whereupon a peremptory writ was awarded. The respondents have brought such final judgment here for review and have assigned as errors the order for the alternative writ, the overruling of the demurrer interposed thereto and the order awarding the peremptory writ.

Very concisely stated, the alternative writ recites that it had been made to appear to the court that the petitioners as relators were the owners of and represented more than one-tenth of all the subscribed stock of the Merchants Broom Company, a corporation, and had appointed Robert R. Milam, a committee of one and as such committee had authorized, empowered and instructed him "to inspect the books and records of said corporation, to prepare an audit thereof, to demand and receive all such information, transcripts and papers, and make such investigations, as the law permits a stockholder, and for the said purpose and with that end in view to do all those acts and things, and invoke such aid of the courts as shall to him seem expedient." Such writ also recites that it had been further made to appear to the court that a certain named stockholder had assigned to said Milam ten shares of the capital stock of such corporation, and that

Milam had made demands upon such corporation through its secretary for the transfer upon the books of the company of the certificate of the ten shares of stock so assigned to him, and also for permission, as the committee appointed by the other relators, to inspect the books and records of such corporation, but that the corporation had neglected, failed and refused to accede to any of the requests or demands so made upon its officers.

After making such recitals, the writ contains the following order: "Wherefore, you, the said Merchants Broom Company, a corporation, of Florida, P. G. Russell, president of the said Merchants Broom Company, and Willet Groover, secretary of the said Merchants Broom Company, and each of you are hereby commanded forthwith to allow and permit the said Robt. R. Milam, as such committee of one to inspect each and every the books and records of the said Merchants Broom Company, to give him access to all the books, and allow him to make a full complete audit thereof, and inspect the stock book of said corporation; and to issue to the said Robt. R. Milam certificate for ten shares of stock of said corporation upon surrender of said certificate No. 740 and to permit such committee to exercise such other and further rights as the law permits, else show cause before this Honorable Court on the 9th day of November, 1914, at 10 o'clock in the forenoon, why a peremptory writ of mandamus should not issue herein against you, commanding and ordering you and each of you to allow and permit such inspection, making the audit, furnishing the transcripts, etc., and that you have then and there this writ with your return thereto duly made and filed."

The demurrer interposed by the respondents to this writ contains ten grounds, but we do not consider it nec-

essary to set them forth. This demurrer was overruled, as we have previously said, and at the same time it was ordered that a peremptory writ issue "in accordance with the terms of the alternative writ," and such permanent writ did issue.

Obviously, the writ of mandamus was based upon Section 2672 of the General Statutes of Florida, which is as follows: "The secretary, or other officer or agent of a corporation, who by the by-laws is made the custodian of its books, records, papers or other property, shall keep the same in his possession, and at all times during business hours have the same ready to be exhibited to any officer, director, or committee appointed by the stockholders representing one-tenth of all the subscribed stock, and shall furnish them, or either of them, transcripts from the records of proceedings of the board of directors under his official hand and seal on the payment to him of the same fee as that required by law to the clerk of the circuit court for transcripts from the records of his office; and the said custodian shall on resigning his office, or otherwise vacating the same, make over all such books, records, papers and all other property of the corporation which are in his possession to his successor in office, or where no successor has been appointed or elected, to the board of directors, if any, or to the person or persons appointed by the stockholders; and such custodian on being duly subpoenaed to appear as a witness in any case on trial in any court of justice in this State shall attend and produce such books and records of the corporation as may be demanded in such subpoena, to be used on such trial."

We shall treat the three assignments together and shall discuss only such grounds of the demurrer inter-

posed to the alternative writ as seem to be necessary for a proper disposition of the case.

We have held several times that in mandamus proceedings the alternative writ takes the place of a declaration at law, and it is essential that it should show a clear *prima facie* case in favor of the relator.   See State *ex rel.*, Fowler v. Finley, 30 Fla. 302, 11 South. Rep. 500; Puckett v. State *ex rel.*, Johnson, 33 Fla. 385, 14 South. Rep. 834; State *ex rel.*, Sunday v. Richards, 50 Fla. 284, 39 South. Rep. 152.   As we held therein, "The alternative writ in mandamus proceedings must show a clear prima facie case in favor of relator.   In order  to make out a prima facie case the writ should allege all the essential facts which show the duty and impose the legal obligation on the respondent to perform the acts demanded of him as well as the facts that entitle the relator to invoke the aid of the court in compelling the performance of such duty or obligation."

As we held in State *ex rel.*, Railroad Com'rs v. Atlantic Coast Line R. Co., 67 Fla. 441, 63 South. Rep. 729, "A demurrer to an alternative writ of mandamus stands upon the same footing as a demurrer in any other action at law and is to be treated in the same way, that is as admitting as true all such matters of fact as are sufficiently pleaded.

A demurrer to an alternative writ of mandamus admits as true all well-pleaded allegations of fact and all fair and pertinent inferences or conclusions of fact in the writ that are not inconsistent with or repugnant to accompanying specific detailed allegations of facts and circumstances; but it does not admit conclusions of law stated in the writ."

As we further held therein, "In passing upon a de-

murrer to an alternative writ of mandamus, matters *dehors* the writ cannot be considered, but only such matters as appear upon the face of the writ."

It follows as a matter of course, as we held in State *ex rel.,* Citizens' Gas Light Co. v. Mayor and Alderman of the City of Jacksonville, 22 Fla. 21, "If an alternative writ of mandamus shows a *prima facie* case, it is not demurrable."

As the alternative writ stands as the pleading on the part of the relators, if they ask too much, the respondent may show this as a sufficient cause for not complying with the mandate of such writ. County Commissioners of Columbia County v. King, 13 Fla. 451, text 481. Also see State *ex rel.* Bloxham v. Gibbs, 13 Fla. 55, 7 Amer. Rep. 233; Florida Cent. & P. R. Co. v. State *ex rel.* Town of Tavares, 31 Fla. 482, 13 South. Rep. 103, 34 Amer. St. Rep. 30, 20 L. R. A. 419; State *ex rel.* Moody v. Call, 39 Fla. 165, 22 South. Rep. 266; State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 51 Fla. 578, 40 South. Rep. 875; State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 South. Rep. 213, 13 L. R. A. (N. S.) 320, 12 Ann. Cas. 359. In other words, as the above authorities hold, the mandate must be enforced in its entirety or else not enforced at all, and, where a demurrer is interposed to the alternative writ and it is made to appear from the face of such writ that the relators are not entitled to have the order enforced as a whole, the demurrer should be sustained, with leave to the relators to amend such writ, if they should be so advised. We think that, upon the authority of Florida Cent. & P. R. Co. v. State *ex rel.* Town of Tavares, *supra,* the stockholders representing one-tenth of the subscribed stock of the corporation respondent were the real parties in interest and

were properly made the relators. We are also of the opinion that the committee of one appointed by such stockholders, is not required, under the provisions of Section 2672 of the General Statutes of Florida, which we have copied above, to be a stockholder in the corporation. This being true, we do not see wherein the stockholders who appointed such committee are interested or concerned in having the certificate of stock which had been assigned to Milam transferred upon the corporate books. Even if Milam is properly made a relator and upon proper proceedings would be entitled to have such certificate transferred upon the corporate books, we do not think he is entitled to have it done in this mandamus proceeding, since he unquestionably has a remedy at law, and, as we have often held, a writ of mandamus will not issue where the law affords other adequate or specific remedy. See State ex rel. Ellis v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 South. Rep. 213, 13 L. R. A. (N. S.) 320, 12 Ann. Cas. 359, and authorities therein cited. We are further of the opinion that Section 2672 of the General Statutes of Florida, upon which these proceedings are based, does not confer upon the court authority to require the corporation respondent to permit Milam as such committee to make a full and complete audit of the books and records of such corporation. Upon the showing made to the court by the relators in their petition, the essentials of which are embodied in the alternative writ, the court was not in a position to determine that such audit was neecssary. If the committee of one so appointed by such stockholders should find upon an inspection of the corporate books and records that an audit thereof was necessary for the proper protection of the stockholders and the officers of the corporation should re-

fuse to have such audit made, appropriate    proceedings might be instituted for that purpose.

It follows from what we have said that the judgment awarding the peremptory writ must be reversed, and it is so ordered, with directions to sustain the demurrer interposed to the alternative writ, with leave to the relators to amend such alternative writ, if they should be so advised.

Judgment reversed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.