THE STATE OF FLORIDA, EX REL. L. L. MEGGS, CHAIRMAN, S. A. MARSHALL, D. C. BROWN, FRANK WILLIAMS AND R. H. CARSWELL, AS MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS OF DUVAL COUNTY, FLORIDA, *Relators,* v. K. R. PADERICK, AS TAX COLLECTOR OF DUVAL COUNTY, FLORIDA, *Respondent.*

Opinion filed March 20, 1919.

Original.

Mandamus.

1. An alternative writ of mandamus should not be issued unless a *prima facie* case is made by allegations in the petition

showing a duty of the respondent imposed by law and a right in the relator to require its performance.

2.  Chapter 7334, Acts of 1917, is by its terms not effective as to an office, like that of Tax Collector of Duval County, or to an incumbent of that office, until the expiration of the term of the office that began in January, 1917.

An Application for an Alternative Writ of Mandamus.

Alternative writ denied.

*J. Turner Butler,* for Relator.

PER CURIAM.—The County Commissioners by petition ask for an alternative writ of mandamus to command the respondent to render to the board of county commissioners sworn statements showing in detail the expenses of the office of county tax collector, and the fees and commissions and gross and net income of said office, as required by Chapter 7334, Acts of 1917.

An alternative writ of mandamus should not be issued unless a *prima facie* case is made by allegations in the petition showing a duty of the respondent imposed by law and a right in the relator to require its performance. See State *ex rel.* v. Baggett, decided this term.

The respondent was on September 14, 1918, appointed to perform the duties of tax collector in the place of the officer who was elected at the general election in November, 1916, for a term of four years, but who was suspended from office by the Governor under section 15, article IV of the constitution.

Section 4 of the statute referred to is as follows:

"Sec. 4. This Act shall take effect as to each office included herein at the expiration of present term thereof, provided it shall not affect any official elected at the last general election or appointed prior to July 1, 1917.

"Approved June 1, 1917."

At the time of the approval of the Act the then current term of the office of tax collector for Duval county would not expire till January, 1921. See section 6, Article VIII, of the constitution as amended in 1914, Laws of 1913, page 523; section 14, Article XVIII, constitution.

By the terms of section 4, chapter 7334, the Act "shall take effect as to each office included therein at the expiration of present term thereof." The quoted provision relates to the *term of the office,* not to the term of the officer who may be the incumbent of the office. The *proviso* that the Act "shall not affect any official elected at the last general election or appointed prior to July 1, 1917," relates to *officers;* and so far as it affects the tax collector of Duval county, it was covered by the first part of section 4 of the Act making the Act effective "at the expiration of the present term" *of the office.* The proviso does not make the statute effective as to an officer who, like the respondent, was appointed after July 1, 1917, when the entire current *term of the office* is expressly excluded from the operation of the statute. In other words, the proviso, excluding the operation of the statute as to officers "appointed prior to July 1, 1917," does not make the statute effective as to *officers* appointed after July 1, 1917, to an office *the term of which office* was current when the Act was passed and has not yet expired. The entire *term of the office* being expressly excluded from the operation of the statute, the proviso, in

so far as the office of Tax Collector of Duval County is concerned, merely excludes certain classes of *officers* who were already excluded by the first part of section 4 of the Act withholding the statute during the *entire term of the office* to expire in January, 1921.

In the case of Board of Chosen Freeholders of Atlantic County v. Lee, 76 N. J. L. 327, 70 Atl. Rep. 925, cited for relators, the Act was to "take effect * * * at the expiration of the terms of office *of the present*" named *classes of officers "respectively."* The new Jersay statute related to the terms of *present officers,* while the Florida statute refers to the *present term* of *each office included* in the Act. The proviso excludes certain classes of *officers* who may, as in this case, be among those already covered by the exclusion of current *terms of office,* but does not make the Act cover any officer filling the current *term of the office* to which the statute is not applicable.

As the statute is not effective as to any incumbent of the office of Tax Collector of Duval County until the expiration of the *present term of the office* in January, 1921, an alternative writ is denied.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST J. J., concur.

ELLIS, J., concurs in conclusion reached.