E. J. BACON, as Mayor of the City of Sarasota, et al., *Plaintiffs in Error,* vs. A. M. KLEMM & SON, a Corporation, *Defendant in Error.*

137 So. 686.

En Banc.

Opinion filed November 16, 1931.

*Harrison E. Barringer,* for Plaintiff in Error;

*Touchton, Mitchell & Crittenden,* for Defendant in Error.

BUFORD, C.J.—This case comes here on writ of error to a peremptory writ of mandamus issued by the Circuit Court of the Twenty-seventh Judicial Circuit in and for Sarasota County to compel the levy of certain taxes.

It may be said that all material questions involved in this case have been settled in this jurisdiction by the opinions and judgments in the cases of State ex rel. vs. Lehman, 133 Sou. 533, and Klemm vs. Davenport, 129 Sou. 905.

Aside from the questions presented and determined in the above mentioned cases, plaintiff in error contends that the Circuit Judge abused judicial discretion in the issuing of the writ because as is contended the enforcing of the command of the writ ''will work injustice and introduce confusion and disorder'', it appearing that the tax roll for the year 1931 was practically completed at the time petition was filed.

Mandamus is a discretionary writ. The Circuit Judge

in the exercise of judicial discretion vested in him determined that the writ should issue and in the conclusion was doubtless influenced largely by the opinion in the case of Klemm vs. Davenport, supra, in which case many of the facts have their parallel in the facts of the case at bar.

In the light of the established principles of law controlling cases like this it would be necessary for us to say that it clearly appears from the record that the judgment was the result of abuse of judicial discretion. The plaintiff in error has not made it clearly to appear that there was abuse of judicial discretion in the issuing of the writ and, therefore, the judgment should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

DAVIS, J., (Concurring) :—I concur in the opinion and judgment but do not commit myself thereby to the plaintiff in error's contention that the Circuit Judge had any discretion whatsoever to have refused the writ on the ground that it would work injustice. And introduce confusion and disorder if granted. I do not see how any such contention could ever be sustained under any circumstances as against the assertion of contract rights voluntarily incurred by the agreement of the municipality with those who took its securities on the faith of the performance and enforceability of the contractual obligation assumed. State ex rel. vs. Lehman, supra.

BROWN, J. (Concurring) :—Under the peculiar facts of this particular case and the statutes under which these $5,000.00 of bonds were issued, I am inclined to the view that the Circuit Judge might have been justified in denying the writ, but I concur in the conclusion of the Court that in granting the writ no abuse of discretion is made to appear.