SORENO HOTEL COMPANY, a corporation, *Plaintiff in Error,* vs. STATE OF FLORIDA, ex rel., OTIS ELEVATOR COMPANY, a foreign corporation, *Defendant in Error.*

144 So. 339.

Opinion filed November 8, 1932.

*Harris & Kennedy* and *J. Uhle Bethel,* for Plaintiff in Error.

*Carabello, Graham & Cosio,* for Defendant in Error.

ANDREWS, C.—This cause is here upon writ of error to review an order granting a motion of the relator in a mandamus proceeding to strike the return of the respond-

ent, Soreno Hotel Company. The Plaintiff in Error was respondent below and Defendant in Error was relator below.

The two first questions presented for review are similar and involve the point as to whether Section 6013 Compiled General Laws of 1927 abrogates that portion of the common law rule which gives any stockholder of a private corporation the right to inspect the records and books of accounts of such corporation at a proper time and place for a proper purpose.

Said section provides in substance that the Secretary or other custodian of the books, records, papers or other property of a corporation shall keep the same in his possession and ''at all times during business hours have the same ready to be exhibited to any officer, director or committee appointed by the stockholders representing one-tenth of all the subscribed stock.'' The demurrer of respondent, which was overruled by the Court, raised the point that the petition did not in the first place show that relator represented at least one-tenth of the subscribed stock, nor that the demand for inspection was made upon the custodian of the records designated by the by-laws.

A return was thereupon filed by the respondent which set up that the relator's petition showed that it did not represent the required one-tenth of the subscribed stock and denied the facts alleged in the petition as a basis for showing that the request to inspect was for a proper cause, which was stricken on motion of relator, and it was from this order of the Court that writ of error was taken.

It is well established that an alternative writ of mandamus should not issue unless a prima facie case is made by the allegations in the petition showing a duty on part of respondent imposed by law and a right in relator to require its performance. State ex rel. v. Paderick, 77 Fla. 277, 81 So. 285; Bacon v. A. M. Klem & Son, 103 Fla. 588,

137 So. 686. In other words the relator must have a clear legal right to performance by respondent of the particular duty in question. State ex rel. v. Gray, 92 Fla. 1123, 111 So. 242; State v. Greer 88 Fla. 249, 102 So. 739, 37 A. L. R. 1298.

A corporation being the recipient of a franchise from the state it and its officials are subject to judicial control by means of the writ of mandamus. There are two classes of cases involving private corporations: one includes what may be termed quasi-public or private corporations where the duty to be performed is of importance to the public and the writ is issued, for example, to compel obedience to a city ordinance or the rules and regulations of administrative boards or commissions. State ex rel. v. A. C. L. Ry. Co., 51 Fla. 578, 40 So. 875; State ex rel. v. Tampa Water Works Company, 57 Fla. 533, 84 So. 639; 22 L. R. A. (N. S.) 680. The other class of cases involves valuable *private* rights, such as where a private corporation, or its custodian of records, has illegally deprived an officer or stockholder of the privilege of inspecting the books of the corporation and the courts are asked to enforce that right. See Crandall's Fla. Common Law Practice 639-640. Said section 6013 C. G. L. 1927 was undoubtedly intended to include the latter class of corporations, by making the writ grantable *as a matter of right* upon a petition of the holders of a certain per cent. of the stock without requiring him to allege in detail such grounds as would show that the request was made for "a proper purpose," as is required under the common law in such cases. See 2 Cook on Corp. Sec. 514.

It is almost uniformly held that statutes giving the right of inspection to stockholders of the books and records of private corporations do not abridge the right as it existed at common law but rather enlarges and extends it by removing some of the common law limitations. See 14 C. G.

853-854; Guthrie v. Harkness 199 U. S. 148, 50 L. Ed. 130, 25 Sup. Ct. Rep. 4, 4 Ann. Cas. 433; Re Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461; Cobb v. Lagarde 129 Ala. 488, 30 So. 226; 20 A. L. R. 25; 43 L. R. A. 784; 59 A. L. R. 1375.

In the Guthrie case, supra, it was held that there can be no question that the decided weight of American authority recognizes the common law right of a stockholder "for proper purposes" and other reasonable regulations as to time and place, to inspect the books of the corporation of which he is a member, and that "in many states this right has been recognized in statutes which are generally held to be merely in affirmance of the common law." See also 2 Cook on Corporations (8th Ed.) Sec. 518. In fact, the rule appears well established, in cases of this nature, by the great weight of authority, that the right of inspection conferred by statutory provisions, is absolute and unqualified except so far as it is limited by the terms of the statutory provision itself. See 22 A. L. R. p. 38 et seq. The statute here in question being in derogation of the common law should be given a strict construction but at the same time it must be borne in mind that it is a remedial statute and should not receive so narrow a construction as to defeat the intention of the law-making power in its enactment. Hadley v. City of Tallahassee, 67 Fla. 436, 65 So. 545. While statutes may expressly or by implication supersede common law, such statute must be strictly construed where the intent is not clear. 93 Fla. 5, 112 So. 289; Broward v. Broward, 96 Fla. 131, 117 So. 691.

The petition for mandamus does not fall within the purview of the said statute. Briefly stated the statute permits a stockholder or stockholders owning not less than one-tenth of the stock to examine the books and records of a private corporation at a reasonable time and place without having to resort to mandamus, or in case of refusal it is

procurable without having to set forth allegations to show that the inspection sought was being requested for a proper purpose, etc. There is nothing to show that the petitioner in the instant case represented one-tenth of the subscribed stock, therefore, the sufficiency of the petition and writ must be tested under the rules which govern such matters of common law.

The matter must therefore resolve itself into the question as to whether the *grounds* or *reasons alleged* in the petition show that the request was for a proper purpose.

The petition alleges in substance that relator owned 50 shares of preferred stock in the respondent corporation, which carries no voice in the election of its officers or management of its business affairs; that the majority of the common stock of the corporation is owned by Soreno Lund who is President, and Soreno Lund, Jr., who is Secretary-Treasurer, and that they with one John N. Thorn who is Vice-President, constitute the directors of the corporation and are in full management and control of the Soreno Hotel and the business of the corporation; that during the past several years large profits have been made by the Company, and that instead of paying the dividend due on the preferred stock of relator and other like stock owners, the profits have been misspent and wasted by said directors in paying large and excessive salaries to said officers, also in the purchase of costly furnishings and in the construction of costly outbuildings; that large sums have also been paid to the officers on contracts made by themselves with said respondent corporation; that without an examination of the said books and records Petitioner is unable to determine the availability of funds for the payment of interest on said preferred stock or the validity of the expenditures on contracts of said corporation, or to determine the value of its stock; that several demands have been

made for access to the books and records which have been repeatedly refused.

The affidavit attached to the return of respondents indicates rather conclusively that respondent had refused to grant time reasonably necessary for the agent of relator to examine the books and records to determine the matters referred to in the petition. In fact, it is shown clearly that the transactions inquired about extended over a period of years, involved large sums, and many transactions. The return of respondent, among other averments, states that it denies the right of relator to make detailed examination of the books without his giving some valid reason for desiring to make such extended examination of its corporate books and records.

We think the allegations of the petition are sufficient to show that the request for inspection was for a proper purpose and that the petition is sufficient under the rules which govern at common law. In this connection, it has been argued that one of the circumstances which may have appealed to the discretion of the lower court was that the petition, as well as the whole record, discloses that the business of the corporation was being carried on and the hotel conducted in such a way that made it more or less a family affair. There is nothing to show that the request for inspection was either unreasonable or for an improper motive.

The third and fourth questions presented for review are whether or not the proceedings were properly maintained against the respondent as a corporation, or whether the writ should have been directed to the custodian of the records as a necessary party.

The record shows that the custodian of the books and records was residing outside the State when the demand for inspection was made in August, 1931, and that when service of the writ was attempted it was found that the Defendant corporation had failed to file its affidavit stating

the name and address of such custodian within the State of Florida.

The absence of the custodian from the state cannot ordinarily defeat the right of inspection, if the records can be procured from the corporation itself. The return shows that it was after the designated officers of the corporation had returned that relator was denied a reasonable time for inspection of the records, which records covered a period of over eight years during which time there were involved corporate transactions of over half a million dollars. In those cases where it has been held that the corporation is not necessary party, in suits for inspection, but that the custodian is, it is observed that in most of them the Court had obtained jurisdiction over the custodian and the records, and, therefore, nothing interfered with the power to compel inspection. The petition in the instance case named the officers of the corporation, including the Secretary-Treasurer, who under the by-laws is the custodian of the books and records. If he could not be found within the State, service of course could not be made upon him. The record shows that the writ was served upon the corporation's Vice-President, John N. Thorn, in the absence of the President and upon K. B. O'Quinn Clerk of the Circuit Court, resident agent of the corporation as required by Statute in making service of process upon private corporations. Section 4251 C. G. L. 1927.

"A writ of mandamus is properly directed to a corporation in its corporate name although of course the corporation must act through its officers and agents." 18 R. C. L. 332, 4 Fletcher on Corporations, p. 4128, State ex rel. Quinn v. Thompson's Malted Food Co., 160 Wis., 671, 152 N. W. 458.

The principle is also stated in 38 C. J. 848-850 that:

"all persons or bodies on whom a common duty rests may be joined as respondents in a proceeding for the purpose of compelling the performance of that duty,

both those who are willing and those who are not willing to act; and they are generally required to be joined. And although there is some authority to the contrary, it is generally held, that even where some of those on whom the common duty rests are willing to act, in conjunction with the others, yet all must be made respondents.''

We must assume that under the circumstances alleged in the petition, and the occurrences which follows the attempt to serve the writ, that service would have been made upon the Secretary-Treasurer if he had been in the State, or in his absence upon the one who had the records in charge. In fact, the return shows that the agent of relator was refused the right of inspection when the Secretary-Treasurer was present early in 1931.

Under the circumstances of this case we can see no reason for holding that error was committed by the trial court in holding that actual service upon the Secretary-Treasurer personally as such, was not necessary as a prerequisite to the jurisdiction of the Court.

The fifth question presented for review was whether the return denying the allegations as to ''proper purpose'' in the petition shifted the burden of proof to relator.

The material allegations of a petition for the writ under the common law are (1) ownership of stock, (2) demand for inspection for a proper purpose and (3) a refusal to permit the inspection. In order for the return to raise a material issue someone or all of the above allegations must have been denied unqualifiedly. For example, in paragraph 9 of the petition the relator alleges that profits have been made and no dividends declared, and on information and belief alleges that these profits had been misspent in payment of excessive salaries, etc., and in paragraph 10 states that without an examination of the books relator could not determine the value of its stock. A mere denial of these facts would not create a material issue. As was

stated in the case of Mixon v. First Nat. Bank, 102 Fla. 468, 136 So. 258, a denial of matters alleged in an alternative writ of mandamus by way of inducement merely does not present a material issue, and where a portion of an answer to an alternative writ is not responsive, but is irrelevant to the allegations of the writ, such portion may be stricken on motion. For instance, if by denying the above facts the defendant could throw upon the relator the burden of showing that funds were misspent or alleged mismanagement of the corporation's affairs, before such examination was allowed, the very purpose of the right to inspect the books would be defeated. See Guthrie v. Harkness, 199 U. S. 148, 50 L. Ed. 130.

Under the 7th, 8th, and 9th questions presented for review counsel for Plaintiff in Error contends that the peremptory writ issued by the lower court was erroneous for the further reason that it contained a provision for an *audit* of the plaintiff's books and records; and that under this court's decision in the case of Merchants Broom Company, et al., v. Butler, et al., 70 Fla. 397, 70 So. 383, the writ should have been denied.

In the above case, a petition was filed by a committee of stockholders owning more than one-tenth of all the subscribed stock pursuant to the provisions of said Section 6013 C. G. L. 1927, and the petition merely alleged the ownership of the stock and the demand for inspection, no motive or cause for such inspection being alleged, had it been necessary under the Statute. This Court properly held that the lower court was not justified in ordering an *audit* on the facts stated in the petition, in the following language:

> "*Upon the showing made* to the Court by the relators *in their petition,* the essentials of which are embodied in the alternative writ of the Court, *the Court was not in a position to determine that such audit was necessary.* If the Committee of one so appointed by such stock-

holders shall find, upon an inspection of the books and records, that an audit thereof was necessary for the proper protection of the stockholders, and the officers of the corporation should refuse to have such audit made, appropriate proceedings might be instituted for that purpose." (Italics ours).

In the instant case the right of inspection was requested under the common law and a motive and purpose of the inspection is stated in the petition, and it is very apparent that in order for the relator to determine the financial condition of the corporation and thus the value of its stock, and the availability of funds for paying dividends, also the method in which the directors have handled the affairs of the corporation, that a right to the examination of the books for such purpose would necessarily include an audit if deemed necessary. In fact, if the petition in the above Merchants Broom Company case had in detail stated reasons for desiring an inspection of the books as was done in the instant case, the decision would have no doubt been different.

Finding that no reversible error was committed by the trial Court in overruling the demurrer to relator's petition, nor in granting the motion of respondent to strike the designated paragraph of the return of the respondent, the judgment of the trial court is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929 adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below be, and the same is hereby, affirmed.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL, BROWN, AND DAVIS, J.J., concur.