FLORIDA MILITARY ACADEMY, INC., *et al.*, v. STATE., *ex rel.* H. E. MOYER.

174 So. 3.
Division A.
Opinion Filed April 22, 1937.

W. B. *Dickenson,* for Plaintiffs in Error;
*Martin Caraballo,* for Defendant in Error.

BUFORD, J.—The appellee filed petition for alternative writ of mandamus which was issued and afterwards amended, in which he sought to coerce the respondent, its officers and agents to comply with the provisions of Section 4084 R. G. S., 6013 C. G. L., by allowing him as a stockholder owning 424 shares of the capital stock of the respondent Florida Military Academy, Inc., which is more than 10% of the total stock outstanding of said corporation, to inspect the books and records for the purpose of determining the financial condition of said corporation and thus to arrive at the value of its stock and also the availability of funds for the payment of dividends.

Motion was made to quash the alternative writ which was denied and afterwards answer was filed. Then motion was made for peremptory writ, the return notwithstanding, which motion was granted and peremptory writ issued. To that judgment writ of error was taken.

There are two defenses attempted to be set up by the allegation of the answer. One is that the petitioner Moyer is desirous of procuring the information from the books

and records of the corporation for the benefit of a rival corporation in which he is interested; and the other is that the stock of the corporation is worthless. Neither contention constitutes any defense to the alternative writ of mandamus. The owner of more than 10% of the stock of a corporation under the statute above cited is entitled to the information which he may have by the inspection and copies of records guaranteed to him under this section of the statute, regardless of what the worth of the stock held by him may be. This statute is analogous to Section 424 R. G. S., 490 C. G. L., but we conceive it to be the personal right guaranteed to a stockholder to know the manner in which the business, in which he has a property interest, is being conducted, while it is more of the public right of a citizen to have the privilege of inspection of public records for the purpose of learning how the public business in which he has an interest as a citizen is being conducted.

In State, *ex rel.* Couch, 116 Fla. 120, 156 Sou. 297, Mr. Justice Ellis, speaking for the Court, said:

"A government for the people and of the people is one which the public accounts of revenue collected and expended should show such receipts and expenditures truthfully and that the duties in such matters have been honestly and efficiently discharged. To this end any citizen of the State may inquire at the only source of information and be aided in his inquiries by the use of the records in which the transactions are supposed to be recorded. It is not a question of what the citizen intends to do with the information when he obtains it. He may if he desires disseminate the information among the people by means of the press, in public address, pamphlets or by the writing of a book by way of favorable or unfavorable criticism of the methods

and practices of the people's servants in their positions of trust. It is a matter of history that famous writers in England and France notably and perhaps in other countries have been the means of affecting salutary reforms by their novelistic criticisms of abuses of public powers."

And so it is that under the provisions of the statute here under consideration it is immaterial what the stockholder wants to do with the information which he may obtain by inspection of the books and records of the corporation in which he is a stockholder. It is enough that he owns more than ten per cent. of the stock of the corporation and desires to inspect the books and records of the corporation at and during the hours provided in the statute which was the right guaranteed to him at the time he became the owner of the stock in the corporation. If it appears that those in charge of and exercising the management of the corporation aver that the corporation is insolvent and that the stock is worthless it would appear to us that this allegation only accentuates the wisdom of the statute and shows a real cause for the stockholder to wish to inspect the books and records of the corporation. The inspection here sought is under the statute and under the statute is an absolute right except as to time when such inspection should be made. See State v. Couch, *supra,* Holmes v. Bishop, 75 Utah 419, 285 Pac. 1011; Mandelker v. Mandelker, 197 Wis. 518, 222 N. W. 673; Vining v. Chicago City R. Co., 92 N. E. 643; Thompson on Corporations, 2nd Ed. Vol. 4, Sec. 4516; Fletcher on Corporations, Vol. 4, Sec. 2815.

As the return did not set up a valid defense against the alternative writ granting of the involved motion was proper procedure and without error. The rule is settled that a return to an alternative writ of mandamus must positively

deny the material facts alleged or should plead other facts sufficient to defeat the relator's right. Jukes v. State, 123 Fla. 260, 166 Sou. 552.

It is contended that the writ is too broad because it requires the officers of the corporation "on the 9th day of November, A. D. 1936, at the hour of two o'clock in the afternoon of said day at the office of the corporation and from day to day thereafter during business hours so long as may be necessary not exceeding two weeks you allow relator H. E. Moyer, his accountant, Joseph A. Sweeny, and his attorney, John G. Graham, access to and right of examination of the stock book, the minute books both of directors and stockholders' meetings and all books of account of original entry, including therein the ledger or ledgers kept by the Florida Military Academy, Inc., a corporation, as well as any other papers and records bearing on the financial condition of the said corporation, its receipts and disbursements and the value of its stock as well as the method of conducting the affairs of said Florida Military Academy, Inc." The objection is that because of the time allowed, the relator would have opportunity to make an audit of the books and the plaintiff in error cites the case of Merchant Broom Co., v. Butler, 70 Fla. 397, 70 So. 383, as authority sustaining his position. In that case the writ ordered the respondent to permit the relator to make an audit of the books and we held that there was no provision in Section 6013, *supra,* which would authorize the Court to order the respondents to allow an audit made.

In Soreno Hotel Co. v. State, 107 Fla. 195, 144 Sou. 339, referring to the case of Guthrie v. Harkness, 199 U. S. 148, 50 L. Ed. 130, we said:

"In the Guthrie case, *supra,* it was held that there can be no question that the decided weight of American author-

ity recognizes the common law right of a stockholder 'for proper purposes' and other reasonable regulations as to time and place, to inspect the books of the corporation of which he is a member and that 'in many states this right has been recognized in statutes which are generally held to be merely in affirmance of the common law.' See also 2 Cook on Corporations (8th Ed.) Sec. 518. In fact, the rule appears well established in cases of this nature, by the great weight of authority that the right of inspection conferred by statutory provisions, is absolute and unqualified except so far as it is limited by the terms of the statutory provision itself."

In that case the record shows, while the opinion does not, that the time for inspection was fixed by the following language in the writ: "That on the 27th day of January, 1932, at the hour of two o'clock in the afternoon of said day at the office of the corporation in St. Petersburg, Florida, and from day to day thereafter as long as may be necessary, not exceeding two weeks."

So it is that while the Court does not have authority to command in mandamus the respondents to allow an audit made, it does have power to allow a reasonable time for the inspection of the books and records, and if the relator can accomplish the making of an audit during that time we apprehend no reason why he may not do so. The inspection of the record is for the purpose of determining the condition reflected by it and it is for him to determine the extent of the information which he will acquire acting within the terms of the order.

We find no reversible error reflected by the record. Therefore, the judgment is affirmed, without prejudice, however, to the court below allowing amendments to alternative and peremptory writs as to date and time prescribed

for execution of the commands of the writ as the record shows that the originally named time and date have passed and amendment is necessary to make the writ effectual.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.