NEWS-JOURNAL CORPORATION, JULIUS DAVIDSON, as President, VIRGINIA E. LINSMERE, as Secretary, HERBERT.M. DAVIDSON, as Vice-President and Treasurer, and ALFRED A. GREEN, as Attorney for said Corporation, v. STATE, *ex rel.* R. H. GORE.

187 So. 271.
Opinion Filed March 10, 1939.

*Green & West,* for Plaintiffs in Error;

*D. C. Hull, Hull, Landis & Whitehair* and *McCune, Hiaasen & Fleming,* for Defendant in Error.

TERRELL, C. J.,—Alternative writ of mandamus was issued by the Circuit Court of Volusia County directed to plaintiffs in error, as respondents, commanding them to allow "R. H. Gore and his accountant, Joseph E. Phillips, access to and right of examination of the Stock book, the minute books, both of directors' and stockholders' meetings, all books of account of original entry, including the ledgers kept by said News-Journal Corporation, a corporation under the laws of the State of Florida, and any and all books, records, accounts, papers, contracts, documents, and files bearing on the financial condition of the said corporation,

its receipts, and disbursements, the value of its stock, and the method of conducting the affairs and business of said News-Journal Corporation, or that you and each of you appear before this Honorable Court on the 28th day of September, A. D. 1937, at ten o'clock, A. M., and show cause for your failure so to do."

A motion to quash the alternative writ was denied, a return thereto was filed, and a demurrer to it sustained. An amended return was filed, to which a demurrer and motion to strike portions of, as well as the return *in toto,* was entered. The demurrer to the return as amended was sustained and peremptory writ was granted pursuant to the prayer of the alternative writ as amended. At the time the peremptory writ was issued, Relator and his accountant were enjoined from publishing or disseminating the information secured by them from the examination of the books and records of respondents. The instant writ of error was prosecuted to this order.

Out of this medley of pleading, four questions are extracted and urged for reversal of the judgment below. Except the fourth question, it being one of adjective law, all questions raised may be resolved by answering the following query: To what extent and under what circumstances may a stockholder in a corporation be permitted to examine its books, records, and accounts to ascertain the financial condition of the corporation and the value of his stock held therein?

The Relator and Respondents are owners and publishers of what are alleged to be rival newspapers in Daytona Beach, Florida. The Relator acquired forty per cent of the stock of Respondents and was refused permission to examine all of its books, accounts, and other records. He brought this proceeding to coerce compliance with said request. It is contended by Respondent that Relator is

limited in such an examination as he seeks to make to those records and books of the corporation which reveal its financial condition and the value of its capital stock and that these have been furnished him.

It is admitted by both parties hereto that no statutory authority clothes Relator with the right to examine all the books of account and records of the Respondent corporation but that such right as he has to do this is that which emanated from the common law.

Under the common law, it is well settled that such a right was not absolute, but was limited and qualified. It was said by some authorities to be a privilege rather than a right. In any event, it must be sought in good faith and for a lawful purpose. The one seeking it must show that his right as a stockholder will be seriously affected if the inspection is not permitted. In granting such a privilege, the interest of the one seeking it must actuate the grant, but even then it will not be granted to the detriment of the corporation; neither will it be permitted for a fishing expedition or to satisfy idle curiosity. The inspection must have some direct relation to seeker's interest as a stockholder and must be for a just and reasonable purpose.

The stockholder's purpose and motive in seeking the inspection should determine whether or not and to what extent it will be granted. If the purpose is hostile or inimical to the corporation, it should not be granted. If the one seeking it is shown to be bitter and vindictive toward the corporation and desires information to embarrass it, the inspection should be denied. The right or privilege is granted or denied on equitable principles in the determination of which the trial court has a liberal discretion.

The information which Respondents contend would be ruinous to place in possession of Relator is described in subsections (a) to (h) inclusive, of paragraph five of the

amended answer. We have examined these subsections and most of them affect directly or indirectly the financial status of the corporation which Relator is entitled to know if his motion in seeking it is proper. If he brings himself within the rule here stated, he is entitled to any information affecting the financial status of the corporation but he is not entitled to be placed in possession of its trade secrets and confidential communications unless they affect the financial status or value of his stock in some way.

Whether or not Relator brings himself within the rule here stated is for the determination of the trial court and in reaching that determination, he has a broad and liberal discretion. The pleadings in this case disclose sharp rivalry and animus between the parties hereto. When this is the case, motives for seeking such information should be more rigidly construed. As a stockholder in the corporation, Relator is entitled to all information affecting the value of his stock which is determined by the financial status of Respondents. We think, however, that in view of the relation between the parties, the peremptory writ should be amended to require that such audit and investigation as is necessary to determine this should be made by some one neutral and disinterested between the parties.

Having reached this conclusion, it becomes unnecessary to consider the question of pleading raised. Suffice it to say that we find no error on that point. It appears that the peremptory writ was granted on motion previously filed after a demurrer to the amended answer was sustained. The Court merely applied the motion previously made to the peremptory writ and granted the latter.

The judgment below is therefore affirmed but with directions to the trial court to amend the peremptory writ by designating some one entirely neutral between the parties to examine the records and books of respondents and make

report of such matters and findings as will enable Relator to ascertain the value of his stock, such investigation to be made under the restrictions here stated and with due reference to the rights of Relator and Respondents.

It is so ordered.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., dissents.

JUSTICE BROWN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.