109 So.2d 783 (1959)
STATE of Florida ex rel. Grace H. FUSSELL, Appellant,
v.
R.C. McLENDON, as President of Dade Tire Company, and Dade Tire Company, a Florida corporation, Appellees.
No. 58-454.
District Court of Appeal of Florida. Third District.
March 12, 1959.
*784 George G. Graham, Miami, for appellant.
L.J. Cushman, Miami, for appellees.
CARROLL, CHAS., Chief Judge.
This is an appeal from an order quashing an alternative writ of mandamus, upon granting the respondents' motion to quash.
On the petition of the appellant, relatrix in the circuit court, an alternative writ was issued. The object of the writ was to compel the respondents to permit relatrix to examine the corporate books and records.[1] *785 The allegations of the petition, though not copied into the alternative writ or restated therein, were sufficiently made a part of the alternative writ by being incorporated by reference. See Glendinning v. Curry, 153 Fla. 398, 14 So.2d 794.
In her petition the relatrix recited that she was a stockholder, owning 20% of the corporation's shares; that she had asked to inspect the books of the corporation, advising respondents of her purposes, which she alleged were "to ascertain the true value of the shares of stock owned by the said petitioner in the said Dade Tire Company as of September 10, 1952, and the present date; and to determine if there are funds available with which to pay dividends to the corporation's stockholders; and to determine generally whether or not the affairs of the corporation are being properly administered by the corporate officers in charge." Certain affidavits were attached as exhibits to the petition, in support of its allegations. The petition then alleged the refusal of her request to inspect the records, and charged that the respondents' denial of her request was in violation of a duty to grant it.
Respondents moved to quash the alternative writ.[2] The motion was granted; the alternative writ was quashed; and the petition dismissed.
The determinative question is whether the allegations of the petition, as incorporated in and made a part of the alternative writ, were sufficient under the established rule in mandamus actions that the alternative writ must allege facts essential to show the duty of respondent to perform the acts demanded, as well as the facts entitling a relator to the relief asked. Scott v. State ex rel. Grothe, 43 Fla. 396, 31 So. 244; Mixson v. First Nat. Bank, 102 Fla. 468, 136 So. 258; Arnold v. State ex rel. Mallison, 147 Fla. 324, 2 So.2d 874. We hold that the allegations were sufficient under that rule, and that it was error to quash the alternative writ.
As an alleged stockholder, relatrix was entitled to inspect the corporate records for proper purposes, and in a reasonable manner. Soreno Hotel Co. v. State ex rel. Otis Elevator Co., 107 Fla. 195, 144 So. 339; News-Journal Corporation v. State ex rel. Gore, 136 Fla. 620, 187 So. 271. See also Ballantine, Corporations, §§ 159, 160 (Rev.Ed. 1946); 13 Am.Jur., Corporations, § 432 et seq.; Annotation, 15 A.L.R.2d 11.
In effect prior to its repeal in 1953 was a statute then designated as § 611.23, Fla. Stat. 1951, F.S.A. That statute made provision for examination of the books and records of a corporation at a reasonable time and place, without having to resort to mandamus, by a stockholder or stockholders owning not less than one-tenth of the stock; or in case of a refusal by the corporation a mandamus order was obtainable thereunder without the need to allege that the inspection sought was being requested for a proper purpose, etc. See Soreno Hotel Co. v. State ex rel. Otis Elevator Co., supra, 107 Fla. 195, 144 So. 339, 341.
Antedating that statute there was a rule of the common law allowing inspection of a corporation's books for proper purposes; and the statute referred to did not abrogate the common law right to inspection but rather enlarged it by removing some of the common law limitations. The repeal of the statute left the common law rule available. See Soreno Hotel Co. v. State ex rel. Otis Elevator Co., supra, 107 Fla. 195, 144 So. 339. A statute currently in effect, § 608.39, Fla. Stat., F.S.A., makes express provision for inspection by certain stockholders of the corporation's *786 stock book, which is required to contain the names and addresses of the stockholders and show their stock holdings. That statute is limited in scope, does not purport to cover the range of book inspection as recognized at common law, and contains a provision (§ 608.39(4), Fla. Stat., F.S.A.) recognizing the latter saying: "Nothing in this section shall impair the power of the courts to compel the production for examination of the books of a corporation."
With regard to the nature and extent of the common law right to inspection, in Soreno Hotel Co. v. State ex rel. Otis Elevator Co., supra, 107 Fla. 195, 144 So. 339, 340, it was said:
"In the Guthrie case, supra [Guthrie v. Harkness, 199 U.S. 148, 26 S.Ct. 4, 5, 50 L.Ed. 130], it was held that there can be no question that the decided weight of American authority recognizes the common-law right of a stockholder `for proper purposes' and other reasonable regulations as to time and place to inspect the books of the corporation of which he is a member, and that `in many of the states this right has been recognized in statutes which are generally held to be merely in affirmance of the common law.' * * *"
In 13 Am Jur., Corporations, § 432, it was said:
"A stockholder in a corporation has, in the very nature of things and upon principles of equity, good faith, and fair dealing, the right to know how the affairs of the company are conducted and whether the capital of which he has contributed a share is being prudently and profitably employed. * * *"
According to the allegations here, the purposes for which the alleged stockholder demanded the right of inspection were not improper. There were three stated purposes, (1) to ascertain the value of the stock, (2) to determine availability of funds for payment of dividends, and (3) "to determine generally whether or not the affairs of the corporation are being properly administered by the corporate officers in charge." The first and second of those were recognized as proper purposes in the cases of Soreno Hotel Co. v. State ex rel. Otis Elevator Co., supra, 107 Fla. 195, 144 So. 339; News-Journal Corp. v. State ex rel. Gore, supra, 136 Fla. 620, 187 So. 271; and see Florida Military Academy v. State ex rel. Moyer, 127 Fla. 781, 174 So. 3. The third of those purposes was approved as proper in Guthrie v. Harkness, 199 U.S. 148, 26 S.Ct. 4, 50 L.Ed. 130; and News-Journal Corporation v. State ex rel. Gore, supra.
The allegations of the alternative writ were sufficient to withstand the assault thereon of the motion to quash, and the order quashing the alternative writ of mandamus and dismissing the petition is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
HORTON and PEARSON, JJ., concur.
NOTES
[1] The command of the alternative writ of mandamus was as follows:

"Wherefore, your petitioner respectfully prays that this Honorable Court do issue an alternative writ of mandamus, commanding said defendants, R.C. McLendon, as President of Dade Tire Company and Dade Tire Company, a corporation organized and existing under the laws of the State of Florida, within a time set by this Court to permit your petitioner's attorney, George G. Graham, and her accountant, W.H. Whitelock, certified public accountant, access to and right of examination of the stock book, the minute books, both of directors' and stockholders' meetings, all books of account of original entry including the ledgers kept by said Dade Tire Company, a corporation under the laws of the State of Florida and any and all books, records accounts, papers, contracts, documents and files bearing on the financial condition of the said corporation, its receipts and disbursements the value of its stock, and the method of conducting the affairs and business of said Dade Tire Company, or to show cause to this court for their refusal so to do."
[2] The motion to quash stated these two grounds:

"(1) Said alternative writ and the petition attached thereto fail to disclose any right to relief by mandamus.
"(2) The statutes of the State of Florida do not entitle a stockholder to inspect or make an audit of the corporation's books."