PER CURIAM.
The appellee, David K. Pinks, was petitioner for an alternative writ of mandamus. The petition alleged that: (1) he was a shareholder in Sun Ray Park, Inc., a Florida corporation, holding twenty percent of the stock of the corporation; (2) he had demanded the right to inspect the books of account and books of original entry, as well as other papers and records showing the financial condition of the corporation; (3) the purpose of the examination demanded was to ascertain the true value of the shares of stock owned by petitioner and to determine if there were funds available with which to pay dividends and to determine whether or not the affairs of the corporation were being properly administered; (4) the demand was refused. The alternative writ issued.
The appellants filed its return which contained the following allegation:
“ * * * stating in substance or effect that he, David K. Pinks had formed an association, the details of which he did not disclose, with one Phillip Zipes, who is the corporate officer of a corporation operating a nursing home formerly known as the Ramsey Nursing Home, a competitor of Sun Ray Park, Inc., a Florida corporation and he desired to examine the books of Sun Ray Park, Inc., relating to maintenance, payroll and operational costs and a list of all patients or such other information of peculiar value to said Phillip Zipes as an officer of a corporation operating a competitive nursing home and defendant-respondents deny that said relator desired to inspect the books and records of Sun Ray Park, Inc., for the purposes alleged in his Petition and deny that his demand was made in good faith and for a proper purpose.”
The appellee moved for the entry of-the peremptory writ notwithstanding the return and the court entered judgment for the petitioner and the peremptory writ issued. This appeal followed.
*646 The sole question is whether the return was sufficient. It is urged that it was because it plead in general terms the lack of good motive on the part of the stockholder. We hold the return failed to allege specific facts which would put in issue the petitioner's right. Treat v. State ex ret Dann, 118 Fla. 899, 160 So. 498; cf. News-Journal Corporation v. State ex rel. Gore, 136 Fla. 620, 187 So. 271.
Affirmed.