VAN NORTWICK, J.
Appellant, Allen Y. Delaney, appeals a final judgment which denied his request to inspect the records of SantaFe HealthCare, Inc ., (SantaFe), appellee, pursuant to section 617.2103(3)(a), Florida Statutes (1995), based on the trial court’s finding that the request was not made for a proper purpose. SantaFe cross-appeals the trial court’s ruling that it is a quasi-public corporation. We reverse the trial court’s denial of the demand for inspection of records, because no competent substantial evidence supports the finding that appellant lacked a proper purpose for his inspection request. We affirm without further discussion SantaFe’s cross-appeal challenging the trial court’s finding that it is a quasi-public corporation. See McClung-Gagne v. Harbour City Volunteer Ambulance Squad, Inc., 721 So.2d 799, 801-02 (Fla. 1st DCA 1998).

Factual and Procedural Background

The record reflects that Alachua General Hospital, a public hospital, was built in 1925 to be used “for the care and treatment of all the sick people of Alachua County.” Ch. 10311, § 7, Laws of Fla. In the late 1970s, the Board of County Commissioners of Alachua County (the Board) leased the hospital to a not-for-profit corporation, Alachua General Hospital, Inc. (AGHI). In 1983, the Board conveyed the hospital to SantaFe, a not-for-profit corporation granted tax exempt status under Internal Revenue Code section 501(c)(3). The deed of conveyance contained covenants and restrictions requiring use of the hospital property for a community general hospital which would, among other things, “provide emergency health care as needed to all residents of Alachua County without regard to their ability to pay.” The deed also contained a reverter clause, as an alternative remedy, in the event the property was not used in the manner contemplated or the other covenants and restrictions were breached. The validity of this conveyance is currently the subject of separate litigation brought by Dr. Delaney *597 and others.[1] In 1986, SantaFe conveyed the hospital back to AGHI, which in 1996 transferred the hospital to Shands Teaching Hospital, an affiliate of the University of Florida. From the late 1970s to the transfer in 1996, the hospital was operated by essentially the same management.
SantaFe was created in 1982, principally to administer the hospital, with one stated purpose being “to promote the general health and welfare of the citizens.” Pursuant to its initial articles of incorporation, SantaFe was “organized exclusively for public purposes.[2] The covenants and restrictions accompanying the 1983 deed of the hospital to SantaFe required SantaFe to have members from the communities served by the hospital. Dr. Delaney, a medical doctor who practiced at the hospital from 1953 to 1987, at one point serving as chief of staff, was one of SantaFe’s initial members and remained a member until SanteFe refused his 1997 membership application.
The negotiations for the sale of the hospital in 1996 were, in large part, carried out in private. As part of the transaction, Shands required the Board to release its reversionary interests in the property.[3] Dr. Delaney became concerned that, upon transfer of the hospital to Shands, the provision of indigent health care in Ala-chua County would be adversely affected. He submitted a request to SantaFe to inspect any of the records of SantaFe pertaining to the sale of the hospital to Shands, including records of the negotiations and events leading up to the sale, and the disposition of the proceeds of the sale. In a letter dated February 5, 1996, Dr. Delaney stated his purposes in obtaining this information, as follows:
1. To assess the stewardship and performance of officers and directors of the corporation to permit him to exercise his voting rights as a member in an informed and proper manner.
2. To permit him to carry out the stewardship obligations placed upon him as a public member from Alachua County by the conditions and terms of the conveyance of AGH from Alachua County to SantaFe Healthcare Systems, Inc. by deed of 1983.
3. To permit him to carry out his stewardship obligations as a public member to pursue a certain lawsuit [96-409CA] he has filed in the circuit court in and for Alachua County to determine whether the corporation has properly satisfied its commitments and obligations to Ala-chua County and its taxpayers and citizens.
At the same time, Dr. Delaney began a letter writing campaign in which he announced his belief that monies from the sale should be returned to Alachua County so that the provision of medical care to the people of Alachua County, particularly the indigent, would not be compromised.
SantaFe denied the request based upon its contention that Dr. Delaney did not have a “proper purpose” for the request. Dr. Delaney filed a complaint, which, among other things, sought inspection and copying rights under section 617.2103(3)(a), Florida Statutes (1995).
At the August 20,1998 bench trial, counsel for SantaFe explained that, as part of the 1996 sale, Shands agreed to provide for the health care of the indigent population; that the proceeds of the sale would be returned to SantaFe, a charitable foundation; and that SantaFe planned to use the *598 proceeds to begin a project to detect and prevent asthma in children in the Alachua area and surrounding communities. San-taFe also suggested that Dr. Delaney’s request for records was part of his overall plan to harm, if not destroy, SantaFe financially out of malice, retribution, ill-will, personal vendetta or misguided hostility. Upon conclusion of the evidence, the trial court entered a judgment denying Dr. Delaney’s inspection demand, finding that he did not have a proper purpose for the inspection. Although the trial court did not find that Dr. Delaney was acting out of malice or vindictiveness, the trial court concluded that appellant lacked a proper purpose because his “announced intent to take money from SantaFe Healthcare, Inc. and turn it over to Alachua County is at odds with the announced goals of San-taFe Healthcare, Inc.” This appeal ensued.

Proper Purpose for Inspection Under Section 617.2108, Florida Statutes (1995)

Section 617.2103(3)(a), Florida Statutes (1995), provides for inspection rights by members of a tax exempt, not-for-profit corporation, such as SantaFe. The statute provides, in pertinent part, as follows:
All books and records of such a corporation shall be kept in written form or in another form capable of conversion into written form within a reasonable time and may be inspected by any member, or his agent or attorney, for any proper purpose at any reasonable time.
The gravamen of the instant case is whether Dr. Delaney has a “proper purpose” for his request to inspect SantaFe’s records. “Proper purpose” is not defined in section 617.2103(3)(a). The term is defined for the purposes of inspection rights relating to other types of corporations in sections 607.1602(9) and 617.1602(7). Section 607.1602(9), pertaining to for-profit corporations, defines a “proper purpose” for inspection as “a purpose reasonably related to such person’s interest as a shareholder.” Similarly, section 617.602(7), pertaining to not-for-profit corporations which are not exempt under section 501(c) of the Internal Revenue Code, provides that “a proper purpose means a purpose reasonably related to such person’s interest as a member.”
The term has also been defined in case law. As stated in Oil Conservationists, Inc. v. Gilbert, 471 So.2d 650, 653 (Fla. 4th DCA 1985):
A proper purpose is one that is lawful in character and not contrary to the interest of the corporation. It is one wherein a stockholder seeks information bearing upon the protection of his interest (and/or that of other stockholders), and not satisfaction of curiosity or a general fishing expedition.
See also News-Journal Corp. v. State ex rel. Gore, 136 Fla. 620, 187 So. 271, 272 (1939). Thus, a request to determine whether the affairs of a corporation are being properly administered by the corporate officers has been held to be a proper purpose. Soreno Hotel Co. v. State, 107 Fla. 195, 144 So. 339 (1932); see also State ex rel. Fussell v. McLendon, 109 So.2d 783, 786 (Fla. 3d DCA 1959). The fact that the request is being made by a stockholder or member who disagrees with the policies of the management of the corporation, or even has filed suit against the corporation, is not sufficient to defeat the request. Davidson v. Ecological Science Corp., 266 So.2d 71, 74 (Fla. 3d DCA 1972); see also Liebman v. State ex rel. Pinks, 136 So.2d 645 (Fla. 3d DCA 1962); and Sto-Rox Focus on Renewal Neighborhood Corp. v. King, 40 Pa.Cmwlth. 640, 398 A.2d 241, 243 (1979).
In Florida Telephone Corp. v. State ex rel. Peninsular Telephone Co., Ill So.2d 677 (Fla. 1st DCA 1959), this court reviewed mandamus proceedings brought by a stockholder seeking to examine the records of a corporation for the purpose of making a list of the stockholders. There, the court agreed that a proper purpose *599 existed if the stockholder sought the list to purchase additional stock or to air grievances concerning the management of the corporation so long as there was not a “flagrant abuse of the right to criticize the management.” Id. at 681. Simply being at odds with the management of the corporation is not a sufficient reason to deny the inspection request. Id.
When the hospital was conveyed to SantaFe in 1983, the deed specifically required that the property was to be used “as a not for profit community health care facility available for the diagnosis, treatment, and care of sick and injured persons without discrimination on account of race, color, creed, or sex.” In accepting the conveyance of the hospital, consistent with the purposes stated in its corporate charter, SantaFe accepted this “public purpose.” The record is undisputed that it has been Dr. Delaney’s stated goal, as a member of SantaFe, to ensure that the property which was conveyed to SantaFe is used for the public purpose of offering medical care to the citizens of Alachua County and that funds from the sale of the hospital are used for the maintenance of health care to the indigent in Alachua County. Although we do not address the merits of Dr. Delaney’s contentions, the basis of his request to inspect made here relates directly to the corporate purposes of SantaFe, the contractual obligations assumed by SantaFe, and his interests as a member of a corporation of this type. Thus, it was error for the trial court to find that his request was not made for a proper purpose. Certainly, the record reflects that Dr. Delaney sometimes expresses his concerns in a vituperative manner. In addition, Dr. Delaney’s assertions might be “at odds with the announced goals” of the current management of SantaFe. Nevertheless, his purposes were consistent with his interest as a member of SantaFe and, therefore, a proper purpose under section 617.2103(3)(a).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH and MINER, JJ., concur.

. Adams et al. v. Board of County Comm'rs of Alachua County, Florida et al., Case No. 96-4543CA, Eighth Judicial Circuit, Alachua County.

. Later, the articles of incorporation were amended to provide that SantaFe was organized for “charitable purposes.”

.In Garson v. Board of County Comm’rs of Alachua County, Florida, et al., Case No. 96-409CA, Eighth Judicial Circuit, Alachua County, Dr. Delaney and another party have filed suit challenging the Board’s decision to release its reversionary interests, claiming violations of the Sunshine Law. See Art. I § 24, Fla. Const.; § 286.011, Fla.Stat.