C. J. RAHN, as Secretary of the Koreshan Unity, Inc., and ETTA SILVERFRIEND, as Treasurer, v, STATE, ex rel. CHRISTIN P. WEIR, HENRIETTA B. DEHAVEN, C. LEMKE, LUCILLE R. REYNOLDS, as Executrix of the Last Will and Testament of J. L. Seebold, deceased, R. P. GAY and MATTIE HUSSEY.

188 So. 584.
Division A.
Opinion Filed May 2, 1939.
Rehearing Denied May 17, 1939.

*W. D. Bell,* for Plaintiffs in Error;

*John K. Woolslair,* for Defendants in Error.

THOMAS, J., The relators obtained from the Circuit Judge of Lee County an alternative writ of mandamus directed to the respondents, C. J. Rahn and Etta Silverfriend, secretary and treasurer respectively of Koreshan Unity, a corporation, commanding them to permit John K. Woolslair, as attorney and committee of one, for relators, to inspect the records of the corporation.

The writ was based on a petition relating the following circumstances: The Koreshan Unity operates a fraternal community and its affairs are under direct control of a board of management. For twenty years this board and the board of directors have been identical. Realtors own more than ten per cent of the outstanding stock, including preferred stock, on which the corporation is obligated to pay interest at the rate of seven per centum. The common stock, excepting three shares, is held by the directeors as trustees for the corporation.

No report has been made to preferred stockholders or members of the community for twenty-five years, nor has the privilege been given them to learn the financial status of the corporation. May first, 1935, John K. Woolslair, acting as agent and attorney for three of the relators, called upon the secretary, presented his power of attorney, demanded inspection of the records, was refused. A few days later, the same agent, then representing five holders of more than ten per cent of the capital stock, again called on the secretary and, being unable to find him, made a similar demand on the president, who denied him access to the books. Six months thereafter the demand on the secretary was re-

peated and again refused, except that the agent was allowed to see the preferred stock book.

The court heard the testimony on the writ and return and ordered a peremptory writ to issue and by it respondents were specifically coerced to permit the attorney: "to inspect each and every the by-laws, minute books, books and records of the said The Koreshan Unity, Inc., a corporation, * * * and allow him to make *a full complete audit* thereof * * *." (Italics supplied.)

The authority for this order is found in Sec. 6013, C. G. L., 1927, the relevant part of which follows: "The secretary, or other officer or agent of a corporation, who by the by-laws is made the custodian of its books, records, papers or other property, shall keep the same in his possession, and at all times during business hours have the same ready to be exhibited to any officer, director or committee appointed by the stockholders representing one-tenth of all the subscribed stock."

It is asserted by the respondents, plaintiffs in error here, that the authority given in the Act is exceeded by the order in three particulars, namely (1) an audit is ordered although exhibition only by the custodian is authorized; (2) no time limit is fixed, and, (3) no place is mentioned.

Relators, who will be referred to hereinafter as defendants in error, represent to the court that they have made their position clear from the outset that they have been proceeding under the above statute, therefore, we approach a solution of the litigation, or that phase of it dealing with the propriety of the writ as issued, bearing in mind the limitations of power conferred by the statute.

It was definitely decided by the court in the case of Merchants' Broom Co. v. Butler, 70 Fla. 397, 70 South. Rep. 383, that under section 2672, of the General Statutes

of Florida, 1906, the identical statute now known as Section 6013, *supra,* no power was conferred on the court to order a "full and complete" audit, particularly where no good reason was shown that the same was necessary. Defendants in error contend that this decision does not necessarily guide us in the decision of the instant case because they have made a stronger showing of the need for an audit than was presented in the cited case.

We are not sure of the soundness of this position. Our study of the pleadings and evidence does not lead us to the conclusion that the state of facts with which we are dealing would take this matter out of the rule announced in Merchants' Broom Co. v. Butler, *supra,* or in Soreno Hotel Co. v. State, *ex rel.* Otis Elevator Co., 107 Fla. 195, 144 South. Rep. 339.

We are inclined to place this case in the category with Florida Military Academy, Inc., v. State, *ex rel.* Moyer. 127 Fla. 781, 174 South. Rep. 3, where it was said:

"While the court does not have authority to command in mandamus the respondents to allow an audit made, it does have power to allow a reasonable time for the inspection of the books and records, and if the relator can accomplish the making of. an audit during that time, we apprehend no reason why he may not do so." 174 South. Rep. text 5.

We conclude, also, that the time within which the inspection should be made ought to be designated by the court. The statute providing that the custodian of records shall keep them in his possession at all times during *business hours* for *exhibition,* there seems to be no need, in the absence of unusual circumstances, to name the place of inspection, as the place of business of the corporation is undoubtedly meant.

Plaintiffs in error insist that because of mention in the pleadings of a power of attorney giving authority to the

agent of defendants in error, said instrument of authority should have been proven before issuance of the writ. No such formal authorization was contemplated by the law. The only reference is to an appointed committee. These words do not convey the idea that the appointee must be armed with a formal power of attorney, and the record was sufficient to show the court that the attorney was authorized to act for defendants in error.

There was sufficient evidence before the court upon which could be based a finding that the agent did in fact represent the tenth of the subscribed stock and was therefore in position to invoke the statute we have quoted.

The judgment is affirmed with directions to amend the peremptory writ to exclude the provision for a full and complete audit and to fix the limitation of time within which plaintiffs in error may be required to exhibit the books, records and papers of the corporation.

TERRELL, C. J., and BUFORD, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.