313 So.2d 461 (1975)
William L. SAGE et al., Appellants,
v.
STATE of Florida ex rel. Stephen L. PERRONE and Robert A. Jarvis, Jr., Appellees.
No. 74-1266.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Hendricks & Hendricks, Coral Gables, for appellants.
Shutts & Bowen and Don Lynn, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Stephen Perrone and Robert Jarvis, appellees herein, petitioned for an alternative writ of mandamus. In their petition, they alleged that (1) Edwin T. Thomas, Jr., who is the owner of 30 of the 100 shares of outstanding stock in Thomas Tent & Rental, Inc., conferred upon them the power of attorney to inspect all of the books and records of Thomas Tent & Rental, Inc.; (2) Edwin Thomas, Jr. personally requested and through the petitioners, his attorneys, made formal written demand to inspect the books *462 and records of the corporation; (3) the purpose of the examination demanded was to ascertain the value of the 30 shares of stock owned by Edwin T. Thomas, Jr. to determine the availability of funds for the payment of dividends and to determine whether or not the affairs of the corporation were being administered properly; (4) the demand was refused. The alternative writ was issued. In response thereto, appellants filed a motion to quash and a return to the alternative writ of mandamus in which they basically alleged a general denial of their refusal to permit inspection of the books and records of the corporation and further alleged that Edwin T. Thomas, Jr. and his wife both are employed by Aaron Rents, Inc., a competitor of Thomas Tent & Rental, Inc., and that should petitioners be permitted to inspect the records of the respondent corporation relating to trade secrets, customer lists and other details of the operation thereof, respondents would be damaged irreparably. Thereupon, appellees moved to strike respondents' motion to quash certain portions of the response to the alternative writ of mandamus. After hearing argument on all the pleadings cited hereinabove, the court denied the motion to quash and granted petitioners their writ of mandamus to inspect the corporate books and records described in paragraph 11 thereof as follows:
"11... . the general ledger; the accounts receivable ledger and supporting invoices and documentation; the accounts payable ledger and supporting invoices and documentation; the corporate checkbook, bank deposit slips and cancelled checks; the corporate income tax returns with supporting schedules; the audited and unaudited financial statements; the balance sheets; the cash receipts and disbursements journals; the by-laws and any amendments thereto; the corporate charter of articles of incorporation and any amendments thereto; the corporate minute book; and, the corporate stock book."
Respondents appeal therefrom.
We initially reviewed respondents first two points on appeal and have determined that no reversible error has been made to appear therein. See Rahn v. State, 137 Fla. 692, 188 So. 584 (1939); State v. McLendon, Fla.App. 1959, 109 So.2d 783 and Liebman v. State, Fla.App. 1962, 136 So.2d 645 and cases cited therein.
As to appellants' point III, we find that some merit has been presented therein with respect to their contention that the writ of mandamus permitting inspection of virtually all of the books and records of the corporation is in effect too broad.
It affirmatively appears from the record in the case sub judice that petitioners primarily desire to inspect the books and records of Thomas Tent & Rental, Inc. in order to determine the value of the 30 shares of outstanding stock owned by their client, Edwin T. Thomas, Jr., a legitimate purpose. See Liebman v. State, supra.
We conclude that only the following records are necessary for the accomplishment of petitioners' purpose: a copy of the corporate income tax returns, the general ledger, the balance sheets, profit and loss statements and the corporate stock book. Accordingly, we hereby modify the final judgment and peremptory writ of mandamus to direct that the petitioners inspection of the corporate records be limited thereto. In all other respects the final judgment and writ are affirmed.
Affirmed as modified.