PER CURIAM.
URT Industries, Inc. appeals an order granting Scorpio Music, Inc.’s motion for partial summary judgment requiring URT to produce its corporate books and records for inspection by Scorpio pursuant to section 607.157(4), Florida Statutes (1987). The order has been stayed pending the outcome of this appeal.
Scorpio Music, Inc., a shareholder in URT Industries, Inc., alleged that the chairman of URT purchased URT stock below market price with funds loaned to him by the company at a low interest rate and that URT has supplied misinformation in the annual report as to how class A and class B stock is voted. Scorpio, through its president, John Gervasoni, further alleged that, as a shareholder owning in excess of the statutory requirement of five percent of the outstanding shares of the corporation for a period of more than six months, and having submitted the necessary written demand, it is entitled to inspect the corporate records in order to ascertain the value of URT’s stock and to determine whether corporate affairs are being properly administered.
The trial court granted Scorpio’s request on the authority of Jewelers Int’l Showcase, Inc. v. Mandell, 529 So.2d 1211 (Fla. 3d DCA 1988), where we held, on similar facts, that a stockholder was entitled to inspect the corporation’s income tax returns, general ledger, balance sheets, profit and loss statements and stock book to determine the actual corporate stock value. Mandell is controlling. See also State ex rel. Fussell v. McLendon, 109 So.2d 783 (Fla. 3d DCA 1959). The grant of Scorpio’s request for a shareholders’ list in order to communicate with other shareholders was also proper. See e.g., Western Air Lines, Inc. v. Kerkorian, 254 A.2d 240 (Del.1969) (a stockholder of record has the right to an inspection of the list of stockholders for *2 any purpose “reasonably related” to his interests as a stockholder). See generally H.G. Henn Law of Corporations, § 199 (1983). There is competent and substantial evidence in the record in support of the trial judge's determination that the shareholder is acting in good faith as required by section 607.157(5), Florida Statutes (1987).
Appellant’s claims of procedural error are without merit.
Affirmed.