633 So.2d 1100 (1994)
COMPUTER SOLUTIONS, INC., Petitioner,
v.
Alan GNAIZDA, Respondent.
No. 92-1887.
District Court of Appeal of Florida, Third District.
February 15, 1994.
Rehearing Denied April 13, 1994.
*1101 Kurland and Kurland, P.A., and Elissa R. Kurland, Ft. Lauderdale, for petitioner.
Pepe & Nemire, P.A., and Thomas F. Pepe, Miami, for respondent.
Before BASKIN, COPE and GODERICH, JJ.
COPE, Judge.
Computer Solutions, Inc. (CSI) petitions for a writ of certiorari, seeking to quash the trial court's order allowing inspection of its corporate records by Alan Gnaizda, a shareholder. We deny certiorari.
CSI is a closely held corporation engaged in the development and distribution of computer software. Gnaizda, a former officer and director, owns twenty-five percent of CSI's stock. After what he alleges was a wrongful termination, Gnaizda tried to sell his stock in CSI to the remaining shareholders. His initial offer was rejected by the shareholders. Gnaizda seeks to correctly value his shares of stock in order to make a renewed sales proposal to the shareholders or a sales proposal to an independent party. Therefore he wants to examine certain corporate records relevant to his valuation inquiry.
CSI provided Gnaizda with unaudited financial statements. On the advice of his accountant Gnaizda made a request for additional corporate documents relating to the company's financial position and the unaudited financial statements. The demand for inspection included a request for supporting documentation from various accounting records and additional documentation reflecting CSI's intangible assets and contingent liabilities. CSI did not produce these documents.
Gnaizda filed a motion supported by the affidavit of his accountant seeking enforcement of his rights to inspect CSI's books. See § 607.1602, Fla. Stat. (1991).[1] The affidavit of Gnaizda's accountant set forth with particularity the documents requested and the reason for the request. The trial court granted the motion for expedited inspection of the corporate records for most of the categories requested by Gnaizda. The court denied a general request for the inspection of all other corporate records. CSI petitioned this court for a writ of certiorari on grounds that there has been a clear departure from the essential requirements of the law which will cause CSI irreparable harm.
The current statute regulating shareholder access to corporate records is section 607.1602, Florida Statutes (1991). The records sought here fall into the categories of "[a]ccounting records of the corporation," id. § 607.1602(2)(b), and "other books and records." Id. § 607.1602(2)(d). For such records the statute provides:
(3) A shareholder may inspect and copy the records described in subsection (2) only if:
(a) His demand is made in good faith and for a proper purpose;
(b) He describes with reasonable particularity his purpose and the records he desires to inspect; and
(c) The records are directly connected with his purpose.
Id. § 607.1602(3).
The trial court correctly ruled that the statutory requirements had been satisfied. This court has held that a proper purpose for a shareholder inspection of records is (among *1102 other things) "to ascertain the value of the [shareholder's] stock... ." State ex rel. Fussell v. McLendon, 109 So.2d 783, 786 (Fla. 3d DCA 1959). The requested records have been described with particularity. The records are directly connected to the stated purpose.
CSI argues, however, that the trial court could not order any document production more expansive than that allowed in URT Industries v. Scorpio Music, Inc., 567 So.2d 1 (Fla. 3d DCA 1990), review denied, 581 So.2d 1311 (Fla. 1991); Jewelers International Showcase, Inc. v. Mandell, 529 So.2d 1211 (Fla. 3d DCA 1988); and Sage v. State ex rel. Perrone, 313 So.2d 461 (Fla. 3d DCA 1975). That argument is without merit. In the first place, section 607.1602 took effect July 1, 1990. Ch. 89-154, §§ 151, 168, Laws of Fla. It explicitly provides for access to accounting records, as well as other books and records, so long as they are directly connected with a proper purpose and the other requirements of subsection 607.1602(3) are satisfied. The URT and Jewelers International decisions were governed by the previous statute, § 607.157, Fla. Stat. (1989) (repealed July 1, 1990 by ch. 89-154, §§ 166, 168, Laws of Fla.), while the Sage decision was decided when an even earlier statute, § 608.39, Fla. Stat. (1973) (repealed by ch. 75-250, § 139, Laws of Fla.), was in effect.
Second, the cited decisions were determined in the context of the facts there presented. In Jewelers International the shareholder had literally requested "all of [the corporation's] financial books and records." 529 So.2d at 1212. The trial court ordered production of a smaller group of documents. In affirming the trial court's order, this court was careful to point out that "[n]o showing has been made in this case that additional records are needed to determine the value of respondent's corporate stock." Id. (citation omitted). By contrast in the present case the shareholder has made a specific showing that the additional records are needed to determine the value of the corporate stock. This factual showing not only distinguishes the present case from Jewelers International, but also URT[2] and Sage.[3] Where, as here, the financial statements are unaudited, the shareholder is entitled to reasonable access to the underlying financial data. Furthermore, CSI concedes, as it must, that some of the shareholder-requested information, such as the request for long-term contractual commitments, is nowhere reflected in the unaudited financial statements prepared by CSI.
CSI argues that this request is overbroad. However, overbreadth is only determinable within the context of the facts presented in each case. Here, the trial court reviewed each requested item, and the justification for it. The court granted access to most, but not all, of the requested documents. The court sustained CSI's objection that one open-ended request was overbroad, and sustained certain other objections. With regard to the documents ordered to be produced, we find no error in the trial court's rejection of the overbreadth argument.
In conclusion, Gnaizda's request was for the proper purpose of stock valuation, supported by an affidavit from his accountant, made with sufficient specificity, and consisted of examinable documents as contemplated by section 607.1602, Florida Statutes. We find no departure from the essential requirements of law.
Certiorari is denied.
GODERICH, J., concurs.
BASKIN, Judge dissenting.
I would grant the petition and quash the order under review. The majority misconstrues the effect of section 607.1602, Florida Statutes (1991), as it applies to the facts in this case. Contrary to the majority's fundamental premise, that section, enacted following the repeal of section 607.157, Florida Statutes (1989), does not overrule Jewelers Int'l Showcase, Inc. v. Mandell, 529 So.2d 1211 *1103 (Fla. 3d DCA 1988) and URT Indus., Inc. v. Scorpio Music, Inc., 567 So.2d 1 (Fla. 3d DCA 1990), review denied, 581 So.2d 1311 (Fla. 1991). Section 607.157(4), Florida Statutes (1989), permitted the examination of the corporation's "relevant books and records of accounts, minutes, and record of shareholders...." Section 607.1602(2)(a)-(d), Florida Statutes (1991), permits, in pertinent part, inspection of accounting records of the corporation, the record of shareholders, and any other books and records. I do not discern a more expansive statutory authority in section 607.1602 which the majority relies on to permit the inspection of insurance policies, employment agreements, and agreements for nondisclosure, among other documents.
URT, 567 So.2d at 1, states "a stockholder [is] entitled to inspect the corporation's income tax returns, general ledger, balance sheets, profit and loss statements and stock book to determine the actual corporate stock value." Accord Mandell, 529 So.2d at 1211; Southfork Invs. Group, Inc. v. Williams, 613 So.2d 940, 941 (Fla. 2d DCA 1993). The record provides no basis for the trial court's broad order granting inspection of approximately forty additional sets of documents including work-for-hire agreements, subcontractor agreements and insurance policies. Although the majority states that Gnaizda "has made a specific showing that the additional records are needed to determine the value of the corporate stock[,]" Op. at 1102, the record fails to support that showing. The accountant's affidavit is insufficient where, as here, it merely asserts conclusory statements as to the need for the documents without providing a factual basis for its conclusion.
In summary, I would hold that the order compelling production of corporate documents exceeds the authority of section 607.1602 and would grant certiorari.
NOTES
[1] Gnaizda had already filed suit against CSI asserting breach of contract with respect to his prior employment relationship with CSI. Meanwhile, he made a shareholder request for access to corporate documents pursuant to section 607.1602, Florida Statutes (1991). When the request was denied, he elected to file a motion in the pending lawsuit to compel access to records under section 607.1602. The trial court granted the motion. Since the underlying lawsuit remains pending, CSI has sought certiorari review of the order granting inspection of corporate records.
[2] The URT decision states that its facts were similar to those of Jewelers International. 567 So.2d at 1.
[3] The Sage court concluded, on the record there presented, that a smaller group of documents would be sufficient for the shareholder's purpose. 313 So.2d at 461. In the present case there is a contrary showing.