726 So.2d 342 (1999)
COLLIER ANESTHESIA, P.A., Petitioner,
v.
James WORDEN, M.D., Jose M. Campoamor, M.D. and Frank E. Mack, M.D., Respondents.
No. 98-01513
District Court of Appeal of Florida, Second District.
January 22, 1999.
Rehearing Denied March 2, 1999.
*343 Jeffrey D. Fridkin and Mark W. McFall of Grant, Fridkin, Pearson, Athan & Crown, P.A., Naples, for Petitioner.
Peter G. Van Dien of Cardillo, Keith & Bonaquist, P.A., Naples, for Respondents.
GREEN, Judge.
Collier Anesthesia, P.A. (Collier Anesthesia), challenges the trial court's nonfinal order granting the verified motion to enforce right of inspection of corporate records, filed by James Worden, M.D., Jose M. Campoamor, M.D., and Frank E. Mack, M.D. (physicians). Since the trial court improperly granted the physicians' verified motion to inspect corporate records without first determining that the physicians were entitled to an accounting, we reverse.
The physicians entered into stockholder and employment agreements with Collier Anesthesia in September 1992. Collier Anesthesia issued each physician shares of stock in its professional association pursuant to the terms of the agreement. In November 1996, the physicians resigned from their employment. In December 1996, the physicians made a request to Collier Anesthesia to access corporate records, which was denied for failure to state a proper purpose. In June 1997, the physicians filed a nine count complaint alleging, among other counts, breach of their employment contracts by Collier Anesthesia and other defendants. The physicians then filed a two count complaint solely against Collier Anesthesia in October 1997, which is the underlying complaint of this appeal. Count I was an action to inspect corporate records and count II was an action for an accounting and damages that exceeded $15,000.
In February 1998, the physicians filed a verified motion to enforce right of inspection of corporate records, which sought the same relief and which made nearly identical allegations as found in count I of their original complaint against Collier Anesthesia. The trial court granted the physicians' motion without an evidentiary hearing. By granting the motion, the trial court allowed inspection of the documents referenced in paragraph nine of the physicians' motion, which included the accounts receivable and accounts payable journals of the professional association. Collier Anesthesia filed a timely notice of appeal of the trial court's nonfinal order. Since Florida Rule of Appellate Procedure 9.130(a)(3) does not provide for interlocutory review of discovery orders, we elect to treat this appeal as a petition for certiorari review. See Fla. R.App. P. 9.030(b)(2)(A).
The records the physicians sought to inspect, specifically accounts receivable and payable journals, were records that essentially related to an accounting action. See Jewelers Int'l Showcase v. Mandell, 529 So.2d 1211 (Fla. 3d DCA 1988) (holding that where a stockholder's primary purpose is to determine value of stock, generally only tax returns, general ledger of corporation, profit and loss statements, and corporate stockbooks are the sole relevant records which the corporation must produce for inspection); accord Sage v. State ex rel. Perrone, 313 So.2d 461 (Fla. 3d DCA 1975). Items possibly relevant to an accounting are not discoverable until the right to an accounting has first been established. See Zebouni v. Toler, 513 So.2d 784 (Fla. 1st DCA 1987). Once that occurs, discovery may proceed to the actual accounting. Id.
*344 Section 607.1602, Florida Statutes (1997), allows a shareholder of a corporation to inspect and copy corporate accounting records, if: 1) the shareholder's demand is made in good faith and for a proper purpose; 2) the shareholder describes with reasonable particularity his purpose and the records he desires to inspect; and 3) the records are directly connected with the shareholder's purpose. See § 607.1602(3), Fla. Stat. (1997). A corporation may deny such request for inspection if it believes the request was made for an improper purpose. See § 607.1602(6), Fla. Stat. (1997).
According to section 607.1602(9), Florida Statutes (1997), a "proper purpose" is a purpose reasonably related to such person's interest as a shareholder. Collier Anesthesia argues that the physicians' purpose is improper as they are using the motion to inspect to actually seek an accounting, thereby determining issues related to breach of their employment agreements, which are issues unrelated to their shareholder agreements. The physicians refute this claim and state that their proper purpose is for stock evaluation.
The trial court did not make an explicit finding that the physicians were entitled to an accounting before it granted the motion to inspect. Even though the motion was ostensibly a motion to inspect corporate records, it fundamentally amounted to an accounting since it allowed the physicians to view Collier Anesthesia's accounts receivable and payable journals. The parties did not include a transcript of the proceedings in the record nor did the trial court's order contain findings indicating that a preliminary basis for an accounting was established. Furthermore, Collier Anesthesia specifically denied the physicians' right to an accounting in its answer to the motion to inspect and thus, it cannot be said that the face of the pleadings established the physicians' right to an accounting. See Ponte Vedra Recorder, Inc. v. Carpenter, 401 So.2d 834 (Fla. 5th DCA 1981). Compare Bartolucci v. Bartolucci, 399 So.2d 448 (Fla. 5th DCA 1981) (holding that although a specific judicial finding of a right to an accounting is preferred, the answer and counterclaim of petitioner sufficed to establish a right to an accounting of respondent).
Since the pleadings disputed the issue as to whether an accounting right existed, the trial court was first required to find that the physicians were entitled to an accounting by meeting the criteria found in section 607.1602(3), Florida Statutes (1997), before granting the motion to inspect corporate records. The trial court erred by granting the physicians' motion to inspect, which in essence was a motion for an accounting, without first determining that the physicians have a right to an accounting.
Accordingly, we grant certiorari, quash the order to inspect corporate records and remand for further proceedings consistent with this opinion.
PATTERSON, A.C.J., and WHATLEY, J., Concur.