920 So.2d 25 (2005)
CITIGROUP, INC., Citicorp Investment Services, Inc., and Citigroup Global Markets, Inc., f/k/a Salomon Smith Barney, Inc., Petitioners,
v.
Jack HOLTSBERG and Elaine M. Holtsberg, Respondents.
No. 4D05-1436.
District Court of Appeal of Florida, Fourth District.
August 3, 2005.
*26 Elliot H. Scherker and Julissa Rodriguez of Greenberg Traurig, P.A., Miami, and Mark F. Bideau, Lorie M. Gleim, and Janna Satz Nugent, of Greenberg Traurig, P.A., West Palm Beach, for petitioners.
Jane Kreusler-Walsh and Rebecca Mercier-Vargas of Jane Kreusler-Walsh, P.A., and Theodore Babbitt of Babbitt, Johnson, Osborne & LeClainche, P.A., West Palm Beach, for respondents.
WARNER, J.
Petitioner Citigroup seeks a writ of certiorari to review the trial court's protective order regarding documents produced in discovery. It claims that the trial court departed from the essential requirements of law by not determining that various documents should remain confidential because they were trade secrets or invaded the privacy of individuals. Because the trial court carefully reviewed all discovery and granted protective orders when necessary, the court did not depart from the essential requirements of law. We deny the petition.
The respondents sued Citigroup for damages because of allegedly false reports by an employee of its subsidiary, formerly Salomon Smith Barney, Inc., regarding WorldCom stock. In connection with discovery, Citigroup produced millions of documents. While it produced those documents for use by the respondents, it requested an order requiring the respondents to maintain their confidentiality. The trial court conducted a hearing over several days, reviewing each document claimed confidential. It agreed that the confidentiality of several individuals mentioned in documents required redaction of their names and other personal data. It also redacted other portions of records. However, as to the remainder of the documents, the court denied the motion.
In its petition, Citigroup contends that many of these documents included trade secrets. However, neither at the hearing below nor in the instant petition has Citigroup adequately explained how these documents constitute trade secrets. And we cannot conclude that any of the documents are so obviously in need of confidentiality to say that the trial court departed from the essential requirements of law. See Am. Express Travel Related *27 Servs., Inc. v. Cruz, 761 So.2d 1206, 1208-09 (Fla. 4th DCA 2000) ("When trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the court must require the party seeking production to show reasonable necessity for the requested materials. The burden is on the party resisting discovery to show `good cause' for protecting or limiting discovery by demonstrating that the information sought is a trade secret or confidential business information and that disclosure may be harmful.").
Citigroup also claims that some of the documents contained personal information regarding individuals, which implicates these individuals' privacy interests. However, it is apparent from the record that the trial court redacted such personal information as it deemed necessary to protect the individuals privacy interests, thus balancing the competing interests involved. See Alterra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936 (Fla.2002). Other than making a blanket claim that the privacy of individuals would be compromised by the release of the documents, Citigroup has not proven its claim by pointing to specific documents or individuals needing such protection. The trial court itself examined each claim and redacted some documents to protect individual privacy. Based upon the petition, we cannot conclude that the court departed from the essential requirements of law.
For these reasons, we deny the petition.
SHAHOOD and MAY, JJ., concur.