PER CURIAM.
Petitioner, D. Stephenson Construction, Inc., seeks a writ of certiorari to quash a trial court order which granted respondent, a minority shareholder, the right to inspect corporate records under section 607.1602(2), Florida Statutes (2006). A shareholder may inspect the types of records specified by section 607.1602(2) only if the requirements of subsection (3) are met. Section 607.1602(3) provides:
(3) A shareholder may inspect and copy the records described in subsection (2) only if:
(a) The shareholder’s demand is made in good faith and for a proper purpose;
(b) The shareholder describes with reasonable particularity his or her purpose and the records he or she desires to inspect; and
(c) The records are directly connected with the shareholder’s purpose.
Id. (emphasis added).
A five-minute motion calendar hearing was held on respondent’s claim for inspection of records where the court heard the argument of counsel but no evidence was presented. The court then entered an order granting the claim for inspection of records without making any findings or providing any reasoning for its decision.
We grant the petition and quash the trial court’s order. The order causes harm that cannot be remedied on appeal because it requires disclosure of “cat out of the bag” material, i.e., confidential corporate records. See Allstate Ins. Co. v. Boecher, 733 So.2d 993 (Fla.1999). See also Eugene J. Strasser, M.D., P.A. v. Bose Yalamanchi, M.D., P.A., 669 So.2d 1142 (Fla. 4th DCA 1996); Picerne Dev. Corp. of Fla. v. Tasca & Rotelli, 635 So.2d 149 (Fla. 4th DCA 1994).
Petitioner alleges that respondent seeks the records for improper purposes which may harm the corporation. See § 607.1602(6), Fla. Stat. (2007) (providing that a corporation may deny a request for inspection under subsection (2) if the demand was made for an improper purpose). The trial court made no findings on petitioner’s claim that the requests were made for an improper purpose.
The trial court’s order departs from the essential requirements of law because it contains no findings regarding the elements that must be established under section 607.1602(3) before a shareholder request for inspection under section 607.1602(2) may be granted. Collier Anesthesia, P.A. v. Worden, 726 So.2d 342 (Fla. 2d DCA 1999). In Collier, the second district held:
Since the pleadings disputed the issue as to whether an accounting right existed, the trial court was first required to find that the [shareholders] were entitled to an accounting by meeting the criteria found in section 607.1602(3), Florida Statutes (1997), before granting the motion to inspect corporate records. The trial court erred by granting the [shareholders’] motion to inspect, which in essence was a motion for an accounting, without first determining that the [shareholders] have a right to an accounting.
Id. at 344.
Just as in Collier, the pleadings in this case disputed the respondent’s entitlement to the broad scope of corporate records requested. The face of the pleadings does not establish respondent’s right to the requested records. See Bartolucci v. Bartolucci, 399 So.2d 448 (Fla. 5th DCA 1981) (finding that, although right to an accounting was not determined, the pleadings on their face established the shareholder’s right to an accounting).
*529 Many of the requested records do not appear to be “directly connected” to respondent’s alleged proper purpose of “stock valuation.” See Jewelers Int’l Showcase, Inc. v. Mandell, 529 So.2d 1211 (Fla. 3d DCA 1988) (holding that where a stockholder’s primary purpose is to determine value of stock, generally only tax returns, general ledger of corporation, profit and loss statements, and corporate stockbooks are the sole relevant records which the corporation must produce for inspection).
Respondent alleged in its response to this court that the records are necessary to assess an alleged $500 tax liability, but the requested records do not on their face appear directly connected to this alleged purpose either. Neither the letter requesting the records, nor the complaint for inspection of the records, contains any explanation as to why the records are necessary for the stated purpose of stock valuation. Cf. Computer Solutions, Inc. v. Gnaizda, 633 So.2d 1100, 1101-02 (Fla. 3d DCA 1994) (denying certiorari relief from order compelling inspection where the request for inspection was supported by an affidavit from shareholder’s accountant explaining why particular records needed to be inspected). The alleged tax liability is conspicuously absent from the letter demanding to inspect the records in this case.
Before ordering inspection of the records under section 607.1602(2), the trial court was required to find that the elements of section 607.1602(3) were established. Accordingly, we quash the trial court’s order granting the request and remand for further proceedings consistent with this opinion.
We decline to address the merits of petitioner’s argument that respondent has improperly joined two causes of action seeking relief in different capacities, i.e., derivatively on behalf of a corporation and individually as a shareholder. Fla. R. Civ. P. 1.110(g); Dep’t of Ins. of State of Fla. v. Coopers & Lybrand, 570 So.2d 369 (Fla. 3d DCA 1990). It does not appear from the record that petitioner raised this argument below. All other claims of error are moot.

Petition Granted; Remanded for Further Proceedings.

STONE, SHAHOOD, HAZOURI, JJ., concur.