WOLF, J.
 

 Petitioner (Wal-Mart) seeks certiorari review of two orders: (1) a protective order which authorized the disclosure of certain discovery to attorneys who are not counsel of record in the underlying case
 
 *488
 
 pursuant to a “sharing provision,” and (2) an order on a corresponding motion to compel. We grant the petition and quash the orders.
 

 On November 16, 2010, Shelia and Dan Endicott (respondents collectively) filed an amended complaint against Wal-Mart seeking damages as a result of Wal-Mart’s alleged negligence in the filling of Ms. Endicott’s prescription.
 

 During discovery, respondents requested the production of several documents, including job descriptions for Wal-Mart pharmacy associates and portions of Wal-Mart’s Pharmacy Operations Manual. Wal-Mart agreed to provide this information upon the entry of a protective order stating the information was confidential in nature. The parties agreed the information was confidential and contained trade secrets. However, they reached an impasse about respondents’ intent to include a “sharing provision” in the confidentiality agreement. The provision would allow respondents’ attorney to share Wal-Mart’s confidential discovery responses with “collateral litigants,” which would include respondents’ counsel in similar cases or other similarly situated litigants’ attorneys. After a hearing was held on the issue, the trial court entered an order granting the motion to compel and a protective order which stated:
 

 Wal-Mart ... may in good faith designate as “Confidential Material” any discovery material produced in this case, to the extent such material contains or reflects trade secrets or other confidential ... information.... If the attorneys for either party contest that any document ... constitutes Confidential Material, the attorneys for the Parties will consult in a good faith attempt to resolve the disagreement as to the document. ...
 

 In addition, the protective order stated that confidential material could be made available to:
 

 (g) any attorneys, their staff, and any expert witnesses involved in any other past or present cases involving alleged prescription errors committed by pharmacists employed by Wal-Mart....
 

 The protective order required:
 

 All persons to whom the non-producing party discloses Confidential Material shall be advised in writing of the terms of this Order, and .... all such persons are hereby enjoined from disclosing such Confidential Material to any person, except in conformance with this Order.
 

 The corresponding order on the motion to compel added the following notice provision:
 

 Provided further, that prior to disclosure to any Plaintiffs attorney in other litigation against Wal-Mart, Plaintiffs’ Counsel shall first notify defense counsel of such intended disclosure, and Plaintiffs’ counsel shall obtain advance agreement from any person with whom said information is shared to be bound by the provisions of said protective order.
 

 Petitioner seeks review of these orders. To obtain certiorari review over a non-final, non-appealable order, a petitioner must demonstrate that the order (1) departed from the essential requirements of the law, and (2) caused harm so irreparable that it cannot be remedied on appeal following final judgment.
 
 See Dep’t of Children & Families v. L.D.,
 
 840 So.2d 432, 435 (Fla. 5th DCA 2003) (citing
 
 Belair v. Drew,
 
 770 So.2d 1164, 1166 (Fla.2000));
 
 see also Smithers v. Smithers,
 
 743 So.2d 605, 606 (Fla. 4th DCA 1999).
 

 A. Whether there was a departure from the essential requirements of law?
 

 Wal-Mart argues the trial court’s order allowing for the dissemination of
 
 *489
 
 confidential material and trade secrets to non-party litigants departs from the essential requirements of law. We agree for two reasons. First, if a sharing provision is utilized, it must be specifically tailored to meet the needs of both parties while balancing the need to maintain confidentiality. Second, any sharing provision that allows for the dissemination of trade secrets to third parties without a court considering whether the material (1) conceals a fraud or (2) works an injustice is contrary to section 90.506, Florida Statutes (2010).
 

 The issue of sharing provisions has been addressed in only one Florida opinion. In
 
 Cordis Corp. v. O’Shea,
 
 988 So.2d 1163 (Fla. 4th DCA 2008), the Fourth District granted certiorari review of a trial court’s order denying a motion to prohibit dissemination of discovery materials pursuant to a protective order. In
 
 Cordis,
 
 the respondent filed a complaint seeking damages as the result of an allegedly defective drug-eluting stent.
 
 Id.
 
 at 1164. During discovery, the petitioner agreed to produce certain documents upon the entry of a protective order.
 
 Id.
 
 The respondent requested the addition of a sharing provision in the protective order to allow dissemination of any alleged confidential materials to several other attorneys who had contacted him about viewing the documents prior to filing suit, arguing the courts would be saved from the congestion of unnecessary litigation.
 
 Id.
 
 at 1165. The trial court agreed and entered a “Stipulated Protective Order” which provided procedures before disclosure of any confidential documents to other attorneys.
 
 Id.
 
 After the entry of the order, the petitioner provided thousands of documents to the respondent, who announced his intent to share the documents with other attorneys pursuant to the procedures outlined in the protective order.
 
 Id.
 
 The petitioner filed a Motion to Prohibit, which was denied.
 
 Id.
 
 The
 

 Fourth District granted the petition for writ of certiorari relying on federal law discussing sharing provisions and stated:
 

 In
 
 Foltz v. State Farm Mutual Automobile Insurance Co.,
 
 331 F.3d 1122 (9th Cir.2003), the ninth circuit acknowledged that courts favor access to discovery materials to meet the needs of parties engaged in collateral litigation. However .... [t]he court said that it would not automatically grant a collateral litigant’s request for modification of a protective order to allow access to discovery in every case. Instead, the collateral litigant must show relevance of the protected discovery to the collateral proceedings and its discoverability therein. This would prevent collateral litigants from gaining access to discovery information “merely to subvert limitations on discovery in another proceeding.”
 
 Id.
 
 at 1132 (citing
 
 Wilk v. Am. Med. Ass’n,
 
 635 F.2d 1295, 1299 (7th Cir.1981)).
 

 Id.
 
 at 1167.
 

 In addition to the foregoing, the
 
 Cordis
 
 court was also concerned sharing provisions would “make the presiding [Florida] trial judge a lightning rod for enforcement disputes with parties from all over the country.”
 
 Id.
 
 at 1167-68. Due to these concerns, the
 
 Cordis
 
 court granted the petition and quashed the underlying order, finding the respondent “failed to present grounds for widespread sharing of discovery which would place the balance of factors in his favor.”
 
 Id.
 
 at 1168. Specifically, the court found:
 

 counsel requesting the confidential information have not intervened in this case to present any argument to the trial court which justifies the alleged need to obtain the discovery sought. All that respondent has offered is speculation and opinion on why counsel may be in
 
 *490
 
 terested in the discovery for possible future use.
 

 Id.
 
 at 1168. Currently, Florida law requires to the extent a sharing provision is used, the provision must be narrowly tailored in scope and balanced with the need to protect the confidential nature of the documents sought to be discovered and the established need of the known collateral litigant to view the discovery.
 

 In the underlying case, the collateral litigants are identified only as “any attorneys, their staff, and any expert witnesses involved in any other past or present cases involving alleged prescription errors committed by pharmacists employed by Wal-Mart.” The collateral litigants are unknown, and the only affirmations as to their need to view confidential information are the assertions of respondents’ counsel. As noted in
 
 Cordis,
 
 a trial court must engage in a balancing test and that cannot be done when there is no established collateral litigant.
 
 Cordis,
 
 988 So.2d at 1167. Further, without establishing the potential collateral litigants, there exists the same danger in the underlying case that (1) a foreign litigant could circumvent stricter discovery laws by relying on the sharing provision, and (2) Florida trial courts could be required to handle enforcement disputes for other jurisdictions. For these reasons, the underlying sharing provision constitutes a departure from the essential requirements of law.
 

 Second, even if the sharing provision were otherwise sound, the dissemination provision as written violates section 90.506, Florida Statutes (2010), which provides:
 

 A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or the person’s agent or employee.
 

 The underlying protective order allows Wal-Mart to assert that discovery material is a trade secret and then authorizes the dissemination of those trade secrets to third parties who have not made a showing that the trade secrets will (1) conceal a fraud or (2) work an injustice. § 90.506, Fla. Stat. Sharing provisions, like the underlying one, which allow the dissemination of trade secrets without considering these factors codified in section 90.506 are per se unlawful.
 

 B. Whether Wal-Mart demonstrated irreparable harm?
 

 In addition to establishing the trial court departed from the essential requirements of law, Wal-Mart must also establish irreparable harm caused by the protective order. This determination is more difficult. Here, Wal-Mart has not expressly pointed to a document or a set of documents which it believes would cause irreparable harm upon dissemination to a collateral litigant. Instead, Wal-Mart asserts the order allows dissemination of confidential material that “could be used to harm Wal-Mart” because “Wal-Mart is one of the world’s largest public corporations,” and an order requiring it to “share ... information regarding ... operations, employee information, and its policies and procedures” would be highly prejudicial.
 

 Generally speaking, irreparable harm cannot be speculative, but must be real and ascertainable.
 
 Holden Cove, Inc. v. í Mac Holdings, Inc.,
 
 948 So.2d 1041, 1042 (Fla. 5th DCA 2007) (stating irreparable harm cannot be premature or specu
 
 *491
 
 lative). However, irreparable harm in the discovery of confidential information presents an exception to this general rule. This type of harm is known as “cat out of the bag” harm because once the documents are disseminated, a privacy or trade secret interest has been invaded which cannot be remedied on direct appeal.
 
 Cor-dis,
 
 988 So.2d at 1166 (citing
 
 D. Stephenson Constr., Inc. v. Mendiguren,
 
 958 So.2d 527 (Fla. 4th DCA 2007); and
 
 Allstate Ins. Co. v. Boeeher,
 
 733 So.2d 993 (Fla.1999)).
 
 See also Laser Spine Inst., LLC v. Makanast,
 
 69 So.3d 1045 (Fla. 2d DCA 2011) (finding order granting a motion to compel production of documents was reviewable by certiorari where petitioner alleged the documents contained trade secrets of which the disclosure would cause irreparable harm, and respondent did not allege otherwise prior to the appeal);
 
 Citigroup Inc. v. Holtsberg,
 
 920 So.2d 25 (Fla. 4th DCA 2005) (stating certiorari lies to review a trial court order which compels production of trade secrets or other confidential information).
 

 Here, the underlying protective order, by its express terms, authorizes a procedure by which Wal-Mart is required to provide confidential and/or trade secret material to the respondents’ attorney, who may then disseminate the documents to collateral litigants he feels meet the definition of attorneys in “past or present cases involving alleged prescription errors committed by pharmacists employed by Wal-Mart.” The only requirements prior to dissemination are that the respondents’ counsel (1) give notice to Wal-Mart of his intent to share the information and (2) obtain an agreement by the collateral litigants to abide by the terms of the protective order. Once these steps are concluded, counsel may share the information without delay and without further consideration by a court. At this point, the proverbial cat is out of the bag. Thus, petitioner is correct that the order as written will end in harm which cannot be remedied on appeal. Because Wal-Mart has established both a departure from the essential requirements of law and irreparable harm, we grant the petition and quash the underlying order on the motion to compel and the protective order.
 

 GRANTED.
 

 HAWKES and ROBERTS, JJ., concur.