DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIMOTHY J. RYAN,** individually, and **FARM DIRECT SUPPLY, LLC,** a
Florida limited liability company,
Petitioners,

v.

**AYCO FARMS, INC.,** a Florida corporation,
Respondent.

Nos. 4D15-1520 and 4D15-1615

[September 9, 2015]

Consolidated petitions for writ of certiorari to the Circuit Court for the
Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge;
L.T. Case No. CACE 14-4916 12.

Christopher N. Bellows, Marilyn Holifield, Pedro Gassant and Eric B.
Hunt of Holland & Knight, LLP, Miami, for petitioners.

Bambi G. Blum and Cassandre D. Anglade of Bambi G. Blum, P.A.,
Miami, and Lance W. Shinder and Chelsea A. Embrey of Shinder Law
Group, P.A., Boca Raton, for respondent.

PER CURIAM.

Petitioners, defendants below, seek certiorari review of two non-final
orders compelling discovery in an action to enforce the non-compete
provisions of an employment agreement.[1] The lawsuit was filed after the
individual defendant, Timothy Ryan, terminated his employment with the
plaintiff and went to work for the corporate defendant, allegedly a
competitor. The agreement provided that if Ryan were to violate the
non-compete provisions, then the plaintiff would be entitled to an
accounting and repayment of the benefits accruing as a result of the
violation. The amended complaint has two counts, seeking (1) injunctive
relief and (2) an accounting.

---

[1] Petitioners filed a separate petition for writ of certiorari challenging each order.
We granted their motion to consolidate both petitions for all purposes.

Both challenged orders compel discovery pertaining to the plaintiff's count for an accounting. The first order also compels defendants to produce customer lists, over their objection that the lists constitute a trade secret. Because the plaintiff has withdrawn its requests for the customer lists, this issue is moot.

We grant relief as to the discovery pertaining to the count for an accounting. That discovery is premature. The right to an accounting has not yet been established, as the issue of whether the non-compete provisions have been violated by the defendants has not yet been litigated. *Picerne Dev. Corp. of Fla. v. Tasca & Rotelli*, 635 So. 2d 149, 150 (Fla. 4th DCA 1994); *Collier Anesthesia, P.A. v. Worden*, 726 So. 2d 342, 343 (Fla. 2d DCA 1999); *Drs. Weiland, Keiser, Jones, Shufflebarger, Cooper, P.A. v. Tindall*, 372 So. 2d 505, 506 (Fla. 3d DCA 1979).

*Petition granted in part.*

WARNER, GROSS and MAY, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**