# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

—————————————

No. 1D17-2908

—————————————

MAYPORT HOUSING
PARTNERSHIP, LTD.,

    Petitioner,

    v.

ROBERT ALBANI,

    Respondent.

—————————————

Petition for Writ of Certiorari - original jurisdiction.

April 20, 2018

B.L. THOMAS, C.J.

Petitioner, Mayport Housing Partnership, Ltd., seeks certiorari review of an order relating to the release of confidential partnership records sought by Respondent, Robert Albani. Because Mayport has not demonstrated the order will result in irreparable harm, we dismiss the petition.

This case originated below regarding Albani's status in the partnership—whether he is a limited partner or merely holds a transferee interest in Mayport. Mayport contends Albani is a mere transferee with no right to access partnership records. Albani asserts he is a limited partner, but argues that even if he is only a transferee, he is entitled under Mayport's Partnership Agreement to financial records to determine whether the

partnership has deprived him of distributions to which he is entitled.

As part of the declaratory action to determine Albani's status and rights, Albani requested production of several financial documents. Mayport moved for a protective order, asserting that section 620.1702, Florida Statutes, expressly provides that a transferee of a partnership interest is not entitled to partnership information or records, except upon dissolution and winding up of the partnership, and that the Partnership Agreement provides Albani no greater access rights. Mayport argued that before disclosure of the records could be allowed, the threshold issue of Albani's status must be first determined by the trial court.

The trial court ultimately entered an order finding that the materials requested by Albani are reasonably calculated to lead to the discovery of admissible evidence regarding entitlement to distributions, but providing that the materials should only be produced with "proper safeguards in place." The court directed the parties to agree on a proposed joint confidentiality order or submit separate proposed orders, and ordered that "[n]o materials shall be produced until the Court enters a confidentiality order." Mayport seeks review of the order directing the parties to submit proposed confidentiality orders, arguing that it will lead to the disclosure of statutorily protected information.

A petitioner challenging an order compelling disclosure of confidential information has the burden to demonstrate "that the trial court departed 'from the essential requirements of law causing material harm for which there is no adequate remedy on final appeal.'" *Cordis Corp. v. O'Shea*, 988 So. 2d 1163, 1165 (Fla. 4th DCA 2008) (quoting *Katz v. N.M.E. Hosps., Inc.*, 842 So. 2d 853, 854 (Fla. 4th DCA 2002)). "Irreparable harm is the element that must be considered first as it is the element that invokes the appellate court's jurisdiction." *Fla. Gas Transmission Co., LLC v. City of Tallahassee*, 230 So. 3d 912, 913-14 (Fla. 1st DCA 2017) (citing *Fla. Fish & Wildlife Conservation Comm'n v. Jeffrey*, 178 So. 3d 460, 464 (Fla. 1st DCA 2015)).

2

"Generally speaking, irreparable harm cannot be speculative, but must be real and ascertainable." *Wal-Mart Stores East, L.P. v. Endicott*, 81 So. 3d 486, 490 (Fla. 1st DCA 2011). An order requiring the disclosure of confidential information is recognized as an exception to this general rule, as it requires the dissemination of information that, once disclosed, cannot be remedied on appeal. *Id.* at 491; *see also D. Stephenson Constr., Inc. v. Mendiguren*, 958 So. 2d 527, 528 (Fla. 4th DCA 2007) (holding that a discovery order that violates the threshold requirement of a statute "causes harm that cannot be remedied on appeal because it requires disclosure of 'cat out of the bag' material, i.e., confidential corporate records"); *Eugene J. Strasser, M.D., P.A. v. Bose Yalamanchi, M.D., P.A.*, 669 So. 2d 1142, 1145 (Fla. 4th DCA 1996) (concluding petitioner demonstrated irreparable harm based on potential disclosure of allegedly confidential information).

Mayport argues the order at issue requires the release of protected information in a manner that cannot be remedied on appeal. However, by its express language, the trial court's order provides that no confidential information shall be produced until further order establishing the terms of disclosure. Thus, any injury to Mayport is too remote to invoke the certiorari jurisdiction of this Court, which may be exercised only upon a proper showing of irreparable harm. *See Stephens v. Wilmington Tr., Nat'l Ass'n*, 209 So. 3d 659, 660 (Fla. 1st DCA 2017). Without this threshold showing of irreparable harm, the petition for certiorari must be dismissed. *See id.*

DISMISSED.

BILBREY and JAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

3

Geddes D. Anderson, Jr. and Sarah Jeck Hulsberg of Murphy & Anderson, P.A., Jacksonville, for Petitioner.

Vincent E. Verrocchio and John F. Cooney of Venable LLP, Washington, DC, pro hac vice for Petitioner.

J. Michael Lindell of Lindell & Farson, P.A., Jacksonville, for Respondent.