# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-2257
LT Case No. 2022-DR-026235

_____

BRYAN SCOTT,

     Petitioner,

     v.

DONNA SCOTT,

     Respondent.

_____

Petition for Certiorari Review of Order from the Circuit Court for Brevard County.
Jennifer Opel Taylor, Judge.

Nancy A. Hass, of Nancy A. Hass, P.A., Fort Lauderdale, for Petitioner.

Elizabeth Siano Harris, of Harris Appellate Law Office, Mims, for Respondent.

December 1, 2023

JAY, J.

Petitioner ("Husband") and Respondent ("Wife") are the parties in an ongoing divorce case. Wife filed two contempt motions against Husband, one of which the trial court granted. Husband now seeks certiorari relief from that contempt order. However, because he fails to show the irreparable harm needed

for us to have certiorari jurisdiction, we must dismiss his petition.

## I.

Husband and Wife own multiple businesses together, including Barn Light Electric Company, LLC/Barn Light USA ("Barn Light"). In her contempt motion, Wife alleged that Husband "unilaterally" canceled the credit card that Wife "had access to because of her employment" with Barn Light. At the hearing on Wife's motion, Husband's central argument was that the court could not consider the credit card issue because the card belonged to Barn Light, and Barn Light was not a party to the case.

After the hearing, the trial court granted Wife's motion. The court found that Husband and Wife are Barn Light's "equal co-owners" and that Husband, "through his own individual actions," removed Wife's access to the credit card that "she used in the jointly owned business." The court found that Husband had the ability to reinstate Wife's card, and it ordered him to do so.

In his certiorari petition, Husband asks us to quash the trial court's order. He claims that the order exceeds the trial court's jurisdiction in the divorce case because it ultimately compels action by Barn Light, a non-party. Regardless of whatever substantive allure this claim may have, we lack jurisdiction.

## II.

"[C]ertiorari is an 'extraordinary remedy.'" *Univ. of Fla. Bd. of Trs. v. Carmody*, 48 Fla. L. Weekly S150, S152 (Fla. July 6, 2023) (quoting *Mintz Truppman, P.A. v. Cozen O'Connor, PLC*, 346 So. 3d 577, 579 n.6 (Fla. 2022)). It allows an appellate court "to reach down and halt a miscarriage of justice where no other remedy exists." *Id.* (quoting *M.M. v. Fla. Dep't of Child. & Fams.*, 189 So. 3d 134, 138 (Fla. 2016)). However, it "is not a substitute for an appeal and 'is intended to be available only in very limited circumstances.'" *Id.* (quoting *Nader v. Fla. Dep't of High. Saf. & Motor Veh.*, 87 So. 3d 712, 722 (Fla. 2012)).

2

"To obtain relief by certiorari, the order . . . must depart from the essential requirements of the law and cause harm that cannot be corrected on post-judgment appeal." *Jordan v. State*, 350 So. 3d 103, 105 (Fla. 1st DCA 2022). "The correctability is a jurisdictional question." *Id.* "In other words, before certiorari can be used to review non-final orders, the appellate court must focus on the threshold jurisdictional question," which is whether the order causes irreparable harm. *Citizens Prop. Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344, 351 (Fla. 2012). This "jurisdictional evaluation is meant to discourage piecemeal review." *Jordan*, 350 So. 3d at 105.

Here, Husband's petition has two fatal flaws on the "critical preliminary question" of irreparable harm. *See id.* at 106. First, the petition focuses almost exclusively on purported harm to *Barn Light*, not Husband. It complains that the trial court denied due process "to the non-party company," that "the trial court lacked personal jurisdiction over Barn Light," and that the court's order "cannot stand" because "the rights of the company cannot be adjudicated in a judicial proceeding to which Barn Light . . . has not been made a party."

Even if these claims had merit, none of them pertain to *Husband*, who is the petitioner before us. *See Palma v. S. Fla. Pulmonary & Critical Care, LLC*, 307 So. 3d 860, 866 (Fla. 3d DCA 2020) (observing that it is a "principle of law deeply ingrained in our legal and economic system that an LLC is an autonomous legal entity, separate and distinct from its members"). And it is obvious that we cannot grant certiorari relief based on alleged harm to a party not before the court. *See Jaye v. Royal Saxon, Inc.*, 720 So. 2d 214, 215 (Fla. 1998) ("[I]t is settled law that, as a condition precedent to invoking a district court's certiorari jurisdiction, *the petitioning party* must establish that *it* has suffered an irreparable harm that cannot be remedied on direct appeal." (emphasis added)); *Mims v. Broxton*, 191 So. 3d 552, 553 (Fla. 5th DCA 2016) (noting that for an appellate court to have certiorari jurisdiction, "*the petitioner* must show" that "*the petitioner* will suffer" irreparable harm (emphasis added)).

Beyond this clear defect, the petition also fails to identify harm that is "real and ascertainable" rather than "speculative."

3

*See Mayport Hous. P'ship, Ltd. v. Albani*, 244 So. 3d 1176, 1177 (Fla. 1st DCA 2018) (quoting *Wal-Mart Stores E., L.P. v. Endicott*, 81 So. 3d 486, 490 (Fla. 1st DCA 2011)). Husband suggests the court's order "has the *potential* to create post-filing, non-marital debt for which [he] *may* be, ultimately, responsible." (Emphasis added). Husband worries that "*if* [Wife] were not to pay" any debt she incurs with the credit card, then Husband would be on the hook for that balance. (Emphasis added). These tepid statements offering speculative concern are legally insufficient to show a material injury that could not be corrected on post-judgment appeal. *See Emed Urgent & Primary Care, P.A. v. Rivas*, 335 So. 3d 766, 767 (Fla. 1st DCA 2022) ("Petitioners have failed to establish that they will suffer irreparable harm if the order under review stands. Petitioners offer only unsupported speculation of future harm, which is not sufficient to establish material injury.").

### III.

Given the paramount jurisdictional importance of irreparable harm, a certiorari petition must "*clearly* reflect" how the purported harm to the petitioner "'is incurable' by a final appeal." *Ag. for Health Care Admin. v. S. Broward Hosp. Dist.*, 206 So. 3d 826, 828 (Fla. 1st DCA 2016) (quoting *Bared & Co. v. McGuire*, 670 So. 2d 153, 157 (Fla. 4th DCA 1996)). Husband's petition fails to do that. Because "[w]e are hard-pressed to see how" the trial court's order has caused Husband harm, "let alone a harm that could not be remedied through a direct appeal," we have no jurisdiction. *See Erskine v. Erskine*, 344 So. 3d 566, 571 (Fla. 1st DCA 2022).

PETITION DISMISSED.

WALLIS and SOUD, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

4