# Third District Court of Appeal

## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1921
Lower Tribunal No. 23-16924
_____

**HeartPoint Global, Inc., etc.,**
Appellant,

vs.

**Dragon Blue Limited, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Sniffen & Spellman P.A., and Robert J. Hauser (West Palm Beach), for appellant.

Shutts & Bowen LLP, Aleksey Shtivelman, and Douglas M. Kramer, for appellee.

Before FERNANDEZ, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed. § 607.1602(7)(b), Fla. Stat. (2023) ("This section does not affect: The power of a court, independently of this chapter, to compel the production of corporate records for examination and to impose reasonable restrictions    "); Klein v. Estate of Klein, 295 So. 3d 793, 803 (Fla. 4th DCA 2020) ("[T]he [appellees] waived the right to an evidentiary hearing by agreeing, in advance, to the [trial] court holding a non-evidentiary hearing on the allocation question. Notably, the [appellees] did not object to the basic procedure of holding a non-evidentiary hearing until the middle of the hearing. By waiting until the hearing was well under way to object to the agreed-upon procedure, any error in failing to hold an evidentiary hearing was either waived or invited."); Portales v. Another Beautiful Corp., 121 So. 3d 562, 563 (Fla. 3d DCA 2012) ("By the appellant's failure to timely object to the procedure she now contends to be irregular, she is deemed to have waived the objection by acquiescence."); Computer Sols., Inc. v. Gnaizda, 633 So. 2d 1100,1101-02 (Fla. 3d DCA 1994) (a shareholder inspection to determine the value of stock is considered a proper purpose); State ex rel. Fussell v. McLendon, 109 So. 2d 783, 786 (Fla. 3d DCA 1959) (it is proper for a stockholder to know how the company and its assets are managed).