# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2025-2062
_____

GAINESVILLE REGIONAL
UTILITIES AUTHORITY,

    Petitioner,

    v.

CITY OF GAINESVILLE, FLORIDA,
and KIM A. BARTON, in her
official capacity as the
Supervisor of Elections for
Alachua County, Florida,

    Respondents.
_____

Petition for Writ of Injunction—Original Proceeding.

August 25, 2025

PER CURIAM.

The court considers the petition as one for a writ of injunction. The Florida Constitution authorizes us to give "writs necessary to the complete exercise of [our] jurisdiction." Art. V, § 4(b)(3), Fla. Const. Gainesville Regional Utilities Authority ("GRUA") asserts that the writ is immediately necessary to preserve the status quo while this court considers the appeal GRUA filed in Case No. 1D2025-1364. According to GRUA, if we do not issue the writ to the City of Gainesville and enjoin it either from holding a special

election set for November 4, 2025, to approve the proposed charter amendment set forth in the City's Ordinance No. 2025-416 or from implementing that amendment if it is approved and dissolving GRUA; the legal challenge to the final order on review in that appeal will become moot.[*] An appellate court has at its disposal a writ of injunction to preserve the status quo and aid in the exercise of its jurisdiction. *See Cohen v. L'Engle*, 5 So. 235, 239 (Fla. 1888); *cf. Byrd v. Black Voters Matter Capacity Bldg. Inst., Inc.*, 339 So. 3d 1070, 1075 (Fla. 1st DCA 2022) (explaining that the "constitutional writ of injunction . . . functions only to give interim *procedural* relief" to maintain the status quo, which "is not the same as a *remedy*").

Any effect GRUA asserts the charter amendment *might have* on our ability to fully exercise our jurisdiction to decide the appeal in Case No. 1D2025-1364—*if it even passes* in November—is, at this point, clearly speculative. The writ it seeks, though, is extraordinary and issued only rarely; GRUA must demonstrate a significant and immediate need for the writ. Rather than speculative future harm, GRUA must demonstrate impending harm that is "real and ascertainable" if the writ is not given. *Wal–Mart Stores E., L.P. v. Endicott*, 81 So.3d 486, 490 (Fla. 1st DCA 2011); *cf. Shivery v. Streeper*, 3 So. 865, 867 (Fla. 1888) ("If the injury be doubtful, eventual, or contingent, equity will not enjoin. . . ." (internal quotation and citation omitted)). On its face, the current petition fails to make out the required showing of need.

DISMISSED.

WINOKUR, TANENBAUM, and TREADWELL, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

[*] GRUA could have sought the interim writ by motion filed in that pending appeal. This procedural distinction, though, makes no difference in how we consider the request.

David A. Theriaque, S. Brent Spain, and Benjamin R. Kelley of Theriaque & Spain, Tallahassee; S. Scott Walker, Kiersten N. Ballou, and Danielle C. Adams of Folds Walker, LLC, Gainesville; Leonard E. Ireland, Jr. of Clayton-Johnston, P.A., Gainesville; Derek D. Perry of Gainesville Regional Utilities, Gainesville, for Petitioner.

No appearance for Respondents.