SUAREZ, J.
Rosangel Portales, the plaintiff below, appeals from an adverse final summary judgment granted in favor of the defendant, Another Beautiful Corp. [“ABC”]. The only issue on appeal is whether the trial court erred in not conducting a hearing on the defendant’s renewed motion for summary judgment. As the outcome is legally and procedurally without error, we affirm.
Portales filed a discrimination claim against ABC. The trial court held a hearing on ABC’s motion for summary judgment, and denied the motion without prejudice in order to allow the parties to further develop the record. The parties came back before the court two weeks later on a call of the calendar. During that interim the parties had received a “no cause” determination from the Miami-Dade County Human Rights Division, the agency investigating Portales’s discrimination claim against ABC. At the calendar call, ABC orally renewed its motion for summary judgment, arguing that the “no cause” determination had the legal effect of restricting Portales to purely administrative remedies thereby precluding the lawsuit. The trial court then instructed ABC to submit a legal memorandum on that issue within ten days, and gave Portales seven days thereafter to respond to ABC’s memo. Neither party ex *563 pressed any objections to this procedure for addressing the issues on summary judgment. ABC submitted its legal memorandum and a proposed order; Portales submitted a response and a proposed order. The trial court reviewed the information and subsequently granted ABC’s motion for summary judgment. The trial court heard arguments on Portales’s motion for rehearing and to vacate the order granting summary judgment to the defendant, and denied the motion to vacate. Portales here appeals from the final summary judgment order.
The appellant contends on appeal that, procedurally, the trial court was required to have a hearing on defendant’s renewed summary judgment motion raised ore terms at calendar call, once it had learned of the “no cause” determination, despite the fact that the trial court had previously conducted a hearing on the summary judgment motion. The record shows, however, that the plaintiff did not object at the time to the trial court’s request for additional memoranda from both parties on the original summary judgment motion. The ore terms motion was merely a continuation of the original summary judgment motion where additional information relevant to the original issues had come to light and no new legal issues were interposed. The trial court gave both parties ample opportunity to address the recently acquired “no cause” determination, and did not rule until he had read all of the materials on the issue as submitted by both parties.
By the appellant’s failure to timely object to the procedure she now contends to be irregular, she is deemed to have waived the objection by acquiescence. See Wasa Int’l Ins. Co. v. Hurtado, 749 So.2d 579 (Fla. 3d DCA 2000); E.J. Assocs. Inc. v. The John E. & Aliese Price Found., Inc., 515 So.2d 768 (Fla. 2d DCA 1987). Portales was not prejudiced by this procedure, and the trial court’s legal determination was correct.
Affirmed.