# Third District Court of Appeal

## State of Florida

Opinion filed January 21, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2031
Lower Tribunal No. 18-30598-CA-01
_____

**Whitehall at Bal Harbour Condominium Association, Inc.,**
Appellant,

vs.

**Yaffa Raviv,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Boyd Richards Parker & Colonnelli, P.L., John Richards, and Yvette Lavelle,  for appellant.

Ramhofer | Garcia, Alejandro F. Garcia, and Alexis De La Rosa, for appellee.

Before FERNANDEZ, GORDO and BOKOR, JJ.

FERNANDEZ, J.

Whitehall at Bal Harbour Condominium Association, Inc. ("Whitehall") appeals the trial court's order awarding attorneys' fees and costs and order denying Whitehall's motion for rehearing and to vacate judgment awarding fees and costs. Finding no abuse of discretion, we affirm the orders on appeal.

The underlying case concerns a typical condominium dispute between the association, Whitehall, and a unit owner, Yaffa Raviv. Raviv filed a complaint against Whitehall on September 9, 2018, amended on April 22, 2021, alleging negligence (Count I), seeking injunctive relief (Count II), and alleging breach of contract (Count III). The parties entered into an agreed order on Count II naming Raviv as the prevailing party on her claim for injunctive relief and reserving jurisdiction for the trial court to resolve the negligence and breach of contract counts.

Raviv moved for entitlement to attorney's fees and costs as to Count II. The parties entered into an agreed order granting Raviv entitlement and reserving jurisdiction to determine the amount at an evidentiary hearing. Raviv moved for the trial court to determine a reasonable amount of fees and costs for Count II and to enter a judgment, while Counts I and III remained pending. Whitehall did not object to Raviv's motion for judgment, except as to some of the claimed costs and the amount of attorneys' fees requested.

2

The trial court held a hearing on the motion. The parties later entered into a stipulation on taxable costs as to amount. On August 30, 2024, the trial court entered a final judgment awarding attorneys' fees and costs.

On September 9, 2024, Whitehall moved for rehearing and to vacate the judgment under Florida Rules of Civil Procedure 1.530 and 1.540, arguing for that first time that the "attorney fee order should be entered only at the conclusion of the case after all counts of the complaint have been disposed of" such that the trial court should vacate the judgment or amend it to provide that it is not a final, executable judgment.

The trial court denied Whitehall's motion for rehearing and to vacate judgment finding:

> The Court rejects Defendant's assertion that the Order Awarding Fees and Costs for Count II is premature because other counts remain open. The parties agreed that Plaintiff was the prevailing party on Count II and entitled to fees and costs. Plaintiff filed its Motion for Attorney's Fees and Costs, the parties coordinated a hearing, and the Court conducted a five (5) hour evidentiary hearing. Defendant fully participated in all stages of the hearing without any procedural objection. Defendant is raising this argument for the first time in his Motion for Rehearing. This Court exercises its discretion not to entertain the new argument. *Bank of Am., N.A. v. Bank of N.Y. Mellon,* 338 So. 3d 338, 341 n.2 (Fla. 3d DCA 2022).

Whitehall appealed the fee order and the order denying rehearing.

3

"The standard of review for an award of attorney's fees and costs is abuse of discretion." Fuller v. Torcise, 388 So. 3d 904, 906 (Fla. 3d DCA 2024).

Whitehall's conduct throughout the proceedings presents a significant waiver issue. Agreeing to the prevailing party and entitlement to fees is not necessarily an agreement to entry of a final judgment on fees. However, Whitehall fully participated in the fee proceedings without procedural objection, including participating in the five-hour evidentiary hearing and negotiating the amount of fees. It was not until the motion for rehearing that Whitehall objected for the first time to entry of a final order. "By the appellant's failure to timely object to the procedure she now contends to be irregular, she is deemed to have waived the objection by acquiescence." Portales v. Another Beautiful Corp., 121 So. 3d 562, 563 (Fla. 3d DCA 2012).

Moreover, the trial court rightly chose to exercise its discretion not to entertain the new argument on rehearing. Bank of Am., N.A. v. Bank of New York Mellon, 338 So. 3d 338, 341 n.2 (Fla. 3d DCA 2022) ("A trial court does not abuse its discretion in denying a motion for reconsideration or rehearing which raises an issue that could have, but wasn't, raised in the initial motion or at the initial hearing."). Whitehall had full knowledge that Raviv was requesting a final judgment on fees as Raviv's motion to determine the

4

reasonable amount of attorney's fees and costs plainly requested "the entry of an Order granting this Motion, entering a judgment in her favor for $214,950.00 attorney's fees and $27,909.67, awarding post-judgment interest[.]"

Lastly, because the order concerned a procedural defect, the judgment would have been voidable, not void.

> Generally, a judgment is void if: (1) the trial court lacks subject matter jurisdiction; (2) the trial court lacks personal jurisdiction over the party; or (3) if, in the proceedings leading up to the judgment, there is a violation of the due process guarantee of notice and an opportunity to be heard. "Where, however, the court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities, or wrongdoing in proceedings, short of illegal deprivation of [an] opportunity to be heard, will not render the judgment void."

Dabas v. Boston Inv'rs Group, Inc., 231 So. 3d 542, 545-46 (Fla. 3d DCA 2017) (internal citations omitted). Therefore, absent evidence of defects in subject matter jurisdiction or personal jurisdiction and for violations of due process, all other procedural errors or irregularities may render a judgment voidable but not void.

For the reasons stated, we affirm the trial court's order awarding attorneys' fees and costs and the order denying Whitehall's motion for rehearing, finding that the trial court did not abuse its discretion.

Affirmed.